**HARMAN, Appellant,**

v.

**OHIO DEPARTMENT OF CORRECTIONS, Appellee.**

[Cite as *Harman v. Ohio Dept. of Corr.* (1991), 74 Ohio App.3d 703.]

Court of Appeals of Ohio,
Warren County.

No. CA91–01–011.

Decided July 8, 1991.

*Donald Asa Harman,* pro se.

*Lee I. Fisher,* Attorney General, and *Gerald E. Dailey,* for appellee.

WILLIAM W. YOUNG, Judge.

Plaintiff-appellant, Rev. Donald A. Harman, is an inmate at the Warren Correctional Institution at Lebanon, Ohio. On November 8, 1990, appellant filed a civil rights complaint under Section 1983, Title 42, U.S. Code in the Court of Common Pleas of Warren County. Appellant named defendant-appellee, Ohio Department of Corrections, as the sole defendant in his complaint. Appellant alleged, among other things, that appellee violated his First Amendment rights and that certain prison conditions were unconstitutional. Appellant sought $150,000 from appellee in punitive damages and $150,000 in compensatory damages. Appellant also sought to enjoin the practice of double-celling inmates and to prevent appellee from cutting his hair.

On January 11, 1991, the Warren County Court of Common Pleas sustained appellee's motion to dismiss appellant's complaint. The trial court specifically held that the Ohio Department of Corrections cannot be held liable under Section 1983 for money damages. The court also denied appellant's request that the prison be enjoined from cutting his hair. Further, the court ruled

that appellant's claim as to double-celling did not state a constitutional claim for relief. This timely appeal followed.

Three principal issues are before this court on appeal.[1] First, whether the common pleas court correctly dismissed appellant's claims for money damages on the basis that a state is not a person under Section 1983, Title 42, U.S. Code. Second, whether the common pleas court correctly dismissed appellant's claims for injunctive relief. Third, whether appellant's claim of double-celling should have been dismissed on the basis that he failed to state a claim upon which relief could be granted.

We will first address appellant's claims under Section 1983. That statute provides, in pertinent part, as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State * * * subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

The United States Supreme Court has specifically held, however, that entities which are agencies or arms of the state, and thus protected by Eleventh Amendment immunity, cannot be "persons" within the scope of liability under Section 1983. *Will v. Michigan Dept. of State Police* (1989), 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45.

■ Insofar as the Ohio Department of Corrections was acting in its official capacity, it is clear that it, like the state itself, was not a "person" within the meaning of Section 1983. Accordingly, the common pleas court correctly dismissed appellant's Section 1983 claims for money damages.

■ Appellant next claims that prison authorities may not regulate the length of an inmate's hair when the regulation conflicts with the inmate's religious beliefs. We disagree. In *Pollock v. Marshall* (C.A.6, 1988), 845 F.2d 656, the Sixth Circuit held that an Ohio regulation restricting inmate's hair length did not unconstitutionally infringe on an inmate's freedom to exercise his religious beliefs because the regulation furthers the state's

---

1. Ten assignments of error were addressed by appellant in his brief. However, the only assignment of error that concerns this court is whether appellant's claims were properly dismissed by the trial court. Therefore, appellant's ten assignments of error will be addressed as a single assignment of error by this court.

legitimate penological interest.[2]  Thus, the trial court was correct in dismissing appellant's claim for injunctive relief.

■ In his final claim, appellant alleges that the double-celling of inmates violates his constitutional rights because it is in direct violation of the Ohio Building Code.  Appellant also complains about other prison conditions resulting from double-celling.[3]  The common pleas court held that none of these prison conditions claimed by appellant created a cognizable constitutional right to relief, nor did the conditions amount to unnecessary and wanton infliction of pain under the Eighth Amendment.  We agree.

The standard for ascertaining whether prison conditions amount to cruel and unusual punishment was set forth in *Rhodes v. Chapman* (1981), 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59.  In considering whether conditions of confinement are cruel and unusual, the Eighth Amendment " 'must draw its meaning from the evolving standards of decency that mark the progress of a maturing society.' "  *Id.* at 346, 101 S.Ct. at 2399, 69 L.Ed.2d at 68, quoting *Trop v. Dulles* (1958), 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630, 642 (plurality opinion).  Thus, "[c]onditions must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment."  *Chapman, supra,* 452 U.S. at 347, 101 S.Ct. at 2399, 69 L.Ed.2d at 69.

■ The Constitution does not require that the prisons be comfortable.  *Id.* at 349, 101 S.Ct. at 2400, 69 L.Ed.2d at 70.  Moreover, "maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of * * * convicted prisoners * * *."  *Bell v. Wolfish* (1979), 441 U.S. 520, 546, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447, 473.  Therefore, prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  *Id.* at 547, 99 S.Ct. at 1878, 60 L.Ed.2d at 474.

There is nothing in the record, nor did appellant advance an argument, which requires this court to reverse the trial court's findings with respect to the issue of double-celling.  It appears, based upon the allegations in the complaint, that appellant can prove no set of facts which, construed in his favor, would entitle him to relief under the Eighth Amendment.  Civ.R.

---

2.  The penological interests include quick identification, removal of a place to hide small contraband, prevention of sanitation problems and homosexual attacks, and reduction of contact between prisoners and guards.

3.  These conditions include overcrowding and forced exposure to cigarette smoke.

12(B)(6). Accordingly, appellant's complaint was properly dismissed and his sole assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KOEHLER, P.J., and WALSH, JJ., concur.