SHOCKEY, Appellant,

v.

WINFIELD et al., Appellees.

[Cite as *Shockey v. Winfield* (1994), 97 Ohio App.3d 409.]

Court of Appeals of Ohio,
Ross County.

No. 94 CA 2029.

Decided Nov. 16, 1994.

*Michael E. Shockey, pro se.*

*Lee Fisher,* Attorney General, and *Mary Anne Reese,* Assistant Attorney General, for appellees.

PETER B. ABELE, Judge.

This is an appeal from a judgment entered by the Ross County Common Pleas Court granting a motion for judgment on the pleadings. Appellant assigns the following error:

"The trial court erred to the prejudice of plaintiff-appellany [*sic*] in dismissing his claim authorized by 42 U.S.C. § 1983."

On October 4, 1993, Michael E. Shockey, plaintiff below and appellant herein, filed a complaint against various administrative officials of Chillicothe Correctional Institution ("CCI"). Appellant is an inmate at CCI. Appellant's complaint appears to allege that the administrative officials, defendants below and appellees herein, violated the Ohio Department of Rehabilitation and Correction smoking policy No. 001–04 and CCI Warden T.L. Morris's memorandum instituting this policy at CCI.

On February 7, 1994, appellees filed a motion for judgment on the pleadings and on May 4, 1994, the court granted that motion.

Appellant filed a timely notice of appeal.

In his sole assignment of error, appellant asserts that his complaint states a claim under Section 1983, Title 42, U.S.Code and the Fourteenth Amendment to the United States Constitution. He further argues that the smoking policy appellees are enforcing at CCI has been superseded by the Ohio Department of Rehabilitation and Correction smoking policy No. 001–04 and CCI Warden T.L. Morris's memorandum instituting that policy in CCI.

Initially, we note that when considering a Civ.R. 12(C) motion for judgment on the pleadings, the trial court may consider only the pleadings. *In re Estate of Fugate v. Stoecker* (July 25, 1990), Meigs App. No. 432, unreported, 1990 WL 105706. The trial court must accept as true "the material allegations of plaintiff's complaint and all reasonable inferences arising therefrom * * *." *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 108–109, 573 N.E.2d 633, 635, citing *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 165–166, 63 O.O.2d 262, 264, 297 N.E.2d 113, 117. In *Case W. Res. Univ. v. Friedman* (1986), 33 Ohio App.3d 347, 515 N.E.2d 1004, the court stated:

"A motion for judgment on the pleadings is the same as a motion to dismiss filed after the pleadings are closed and raises only questions of law. The pleadings must be construed liberally and in a light most favorable to the party against whom the motion is made, and every reasonable inference in favor of the party against whom the motion is made should be indulged. *Vaught v. Vaught* (1981), 2 Ohio App.3d 264, 2 OBR 293, 441 N.E.2d 811; *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 63 O.O.2d 262, 297 N.E.2d 113. The motion should be

denied if it cannot be determined from the face of the pleadings that the pleading does not state a claim upon which relief can be granted." *Id.,* 33 Ohio App.3d at 348, 515 N.E.2d at 1005.

 In the case *sub judice* we note that after reading appellant's complaint, it is very difficult to ascertain the precise nature of appellant's claim. We note, however, that in his complaint, appellant failed to assert any violation of Section 1983, Title 42, U.S.Code. Rather, appellant argues appellees' actions are violative of "statutory law" and the Ohio Constitution. As noted above, when considering a motion for judgment on the pleadings, a court may consider only the allegations raised in the complaint. Additionally, because appellant's complaint did not include any claim with respect to Section 1983, Title 42, U.S.Code, he is precluded from raising this issue for the first time on appeal.

Next, appellant argues that appellees violated his right to equal protection under the Fourteenth Amendment to the United States Constitution by their uneven enforcement of CCI's smoking policy. Appellant alleges that appellees prohibited appellant and other prisoners from smoking in the residential areas of the prison, but allowed the guards to smoke in these areas. The trial court's May 4, 1994 judgment entry states in pertinent part:

"Upon a motion for judgment on the pleadings, the party against whom the motion is made is entitled to have all the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in his favor as true. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161 [63 O.O.2d 262, 297 N.E.2d 113]. The Court finds that all named Defendants are employees of the Department of Rehabilitation and Correction. The Court further finds that the Department of Rehabilitation and Correction is not an agency as defined by ORC [Chapter] 119 (See *Augustine v. Ohio Dept. of Rehab. & Corr.* [1981], 3 Ohio App.3d 398 [3 OBR 464, 445 N.E.2d 706] ) and thus, is not bound by the rules enacting procedure of that section. Moreover, the Court finds that Plaintiff's claim of arbitrary enforcement of the smoking rules is an internal management decision and does not rise to the level of an equal protection claim."

We agree with the trial court's determination in this case. We find appellant's equal protection claim is untenable.

 Generally, a law that is applicable to all persons under like circumstances and does not subject individuals to an arbitrary exercise of power does not violate an individual's right to equal protection. *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 288–289, 595 N.E.2d 862, 866–867, citing *Senior v. Ratterman* (1887), 44 Ohio St. 661, 11 N.E. 321; *Xenia v. Schmidt* (1920), 101 Ohio St. 437, 130 N.E. 24; *Dayton v. Keys* (1969), 21 Ohio Misc. 105, 114, 50 O.O.2d 29, 34, 252 N.E.2d 655, 660. The test used in determining whether a statute is constitutional

under the Equal Protection Clause depends upon whether a suspect class or a fundamental interest is involved. *Conley,* 64 Ohio St.3d at 289, 595 N.E.2d at 867. Appellant cites no authority and our research reveals no authority holding that either guards/prisoners or smokers/nonsmokers are suspect classifications or that smoking is a fundamental interest. Therefore, the appropriate test is whether the differential treatment is rationally related to some legitimate state interest. *Id.,* citing *State ex rel. Heller v. Miller* (1980), 61 Ohio St.2d 6, 11, 15 O.O.3d 3, 6, 399 N.E.2d 66, 69.

 Prison officials have a legitimate interest in maintaining safety and control in an environment where restrictions on movement are inherent. Regulations controlling when, where, and by whom smoking is allowed, are a rational means to maintain the safety of the prison population. We also note that " 'maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of * * * convicted prisoners * * * .' *Bell v. Wolfish* (1979), 441 U.S. 520, 546, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447, 473. Therefore, prison administrators 'should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.' *Id.* at 547, 99 S.Ct. at 1878, 60 L.Ed.2d at 474." *Harman v. Ohio Dept. of Corr.* (1991), 74 Ohio App.3d 703, 706, 600 N.E.2d 314, 316.

 Furthermore, the prison community is a restricted environment where inmates and guards are situated differently. The members of the former group are extremely restricted in their movements while the members of the latter group are relatively free in their access to various prison locations. The Equal Protection Clause does not require that individuals who are differently situated be treated equally. *Conley.*

Finally, appellant claims that appellees enforced CCI smoking policy No. 93–01 (effective January 1, 1993) is in violation of Ohio Department of Rehabilitation and Correction smoking policy No. 001–04 (effective June 13, 1993). According to appellant's complaint, policy No. 001–04 supersedes policy No. 93–01. Appellant asserts that the two policies inconsistently regulate smoking in prison residential areas and therefore appellees incorrectly enforced the older policy.

 We note that the older policy, No. 93–01, regulates inmates' smoking but the newer policy, No. 001–04, does not purport to regulate inmates' smoking. See Section III of policy No. 93–01 and Section III of policy No. 001–04. The second, newer policy clearly exempts inmates from the list of personnel who are subject to the policy. Thus, the policies are not internally inconsistent.

Therefore, we find that the trial court correctly determined that appellant has stated no claim for which relief may be granted. Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error.

*Judgment affirmed.*

STEPHENSON and GREY, JJ., concur.