DECISION
Plaintiff-Appellant, Dana J. Linger, appeals pro se from a decision of the Franklin County Court of Common Pleas granting summary judgment for defendants-appellees Patricia Andrews, Warden of the Franklin Pre-Release Center ("FPRC"), and Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Correction ("ODRC").
Appellant is currently incarcerated at the Franklin Pre-Release Center, an ODRC institution housing only female inmates. Throughout early 2000, appellee, Warden Andrews ("Andrews"), implemented several policy changes relating to the use of tobacco products at FPRC. Effective May 1, 2000, those changes culminated in the complete prohibition of tobacco use by inmates. Under said prohibition, inmates are not permitted to smoke or otherwise consume tobacco anywhere on the premises of the FPRC, including outdoor areas. Further, all tobacco products, as well as smoking paraphernalia, are considered contraband the possession of which is subject to disciplinary action.
On August 28, 2001, appellant filed a complaint against Andrews and Director Wilkinson seeking declaratory and injunctive relief. In that complaint, appellant alleged that by implementing a smoking ban that affects only the female inmates housed at FPRC appellees violated her statutory and constitutional rights. Specifically, appellant alleged violations of R.C. 5145.32 and related ODRC policies, the Equal Protection Clause and the Eighth Amendment to the United States Constitution.
On October 25, 2001, appellees filed a Motion for Summary Judgment, which was granted by the trial court on December 12, 2001. Appellant filed a timely notice of appeal, and sets forth the following assignments of error:
"ISSUE ONE
"THE COURT ERRED WHEN IT FAILED TO RECOGNIZE FEMALE PRISIONERS AS-A `SUSPECT CLASS' WHO ARE TREATED UNEQUALLY UNDER THE LAWS AND THE ADMINISTRATIVE REGULATIONS GOVERNING INCAR-CERATED PRISONERS, AND THAT APPELLANT AS A FEMALE PRISONER HAS THE RIGHT TO BE TREATED EUQALLY TO MALE PRISONERS SIMILARLY SITUATED IN MATTERS RELATED TO CONDITIONS OF INCARCERATION, INCLUDING THE BENEFIT/PRIVILEGE OF SMOKING CIGARETTES AT HER INSTITUTION.
"ISSUE TWO
"THE COURT ERRED WHEN IT FOUND THAT DEFENDANT WAS WITHIN HER AUTHORITY TO ENACT A SMOKING BAN, FINDING THAT THE BAN IS RELATED TO A LEGITIMATE STATE INTEREST, BECAUSE IT WAS NOT ESTABLISHED THAT THE BAN HAS PROMOTED THE HEALTH, SAFETY, AND WELL-BEING OF THE INMATE POPULATION: THIS ISSUE WAS SIMPLY NOT RESOLVED, AS PLAINTIFF CLAIMED THAT THE HEALTH, SAFETY, AND SECURITY HAS ACTUALY BEEN COMPROMISED BY DEFENDANT'S IMPLEMEN-TATION OF THE SMOKING BAN AT HER INSTITUTION. THE DISPUTED EFFECT OF THE SMOKING BAN UPON THE HEALTH/SAFETY/SECURITY AT APPELLANT'S INSTITUTION SHOULD HAVE BEEN RESOLVED THROUGH DISCOVERY AND TRIAL TESTIMONY.
"ISSUE THREE
"THE COURT ERRED WHEN IT APPLIED SHOCKEY V. WINFIELD TO THIS CASE. APPELLANT CLAIMED THAT SHE IS SUBJECTED TO DISCRIM-INATION BASED UPON HER GENDER AS A FEMALE PRISONER AND THEREFORE A MEMBER OF A PROTECTED CLASS WHO IS TOTALLY BANNED FROM SMOKING WHILE MALE PRISONERS ARE PROVIDED AREAS WHERE THEY CAN SMOKE.
"ISSUE FOUR
"THE LOWER COURT ERRED WHEN IT FOUND THAT DEFENDANT WARDEN ANDREWS IS WITHIN HER AUTHORITY TO OVERRULE A STATE LAW WHICH PROVIDES THAT SMOKING AREAS ARE TO BE PROVIDED FOR THE INCARCERATED PRISONERS AT FRANKLIN PRE-RELEASE, INCLUDING PLAINTIFF-APPELLANT.
"ISSUE FIVE
"THE COURT ERRED WHEN IT FOUND THAT THE CURRENT SMOKING BAN AT APPELLANT'S INSTITUTION IS NOT CRUEL AND UNUSUAL, ESPECIALLY AS IT PERTAINS TO FEMALE PRISONERS WHO SUFFER MORE THAN MALES; APPELLANT PRESENTED EXTENSIVE EXAMPLES OF THE CRUEL AND UNUSUAL EFFECTS OF THE SMOKING BAN UPON HER PERSONALLY, AND UPON THE LIVING CONDITIONS, SAFETY CONDITIONS, AND PHYSCHOLOGICAL ATMOSPHERE RESULTING FROM DEFENDANT'S SMOKING BAN. THIS DISPUTED ISSUE SHOULD HAVE BEEN RESOLVED THROUGH DISCOVERY AND TRIAL TESTIMONY."
Under Civ.R. 56(C), summary judgment is properly granted only when the record viewed in a light most favorable to the nonmoving party demonstrates that the moving party is entitled to judgment as a matter of law and there are no genuine issues of material fact. Civ.R. 56(C); Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. The moving party bears the burden of proving that no genuine issue of material fact remains to be litigated. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,115. Conclusory assertions that the nonmoving party cannot prove its case are not sufficient to discharge this initial burden. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Rather, the moving party must affirmatively demonstrate indicating specific evidence within the record that the nonmoving party cannot establish the elements of its claims. Id.
Upon satisfaction of the above-referenced elements, the burden shifts to the nonmoving party who must then set forth pointed evidence demonstrating that there is a genuine issue of fact for consideration by the trial court. Civ.R. 56(E). If the nonmoving party fails to adequately respond to the moving party's evidence establishing the absence of a genuine issue, summary judgment is appropriately granted. Id.
This court's review of summary judgment is de novo; thus, we stand in the position of the trial court and conduct an independent review of the record. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579,588. Accordingly, we may affirm the trial court's judgment if we find that summary judgment is appropriate under the standards set forth above.
In her first three assignments of error, appellant argues that the trial court erred in granting summary judgment on her equal protection claim. Essentially, she asserts that the lower court: (1) failed to properly recognize the female prisoners at FPRC as a suspect class; (2) incorrectly found that the smoking ban was rationally related to the legitimate state interest in the health, safety, and well-being of the inmate population; and (3) erred in applying Shockey v. Winfield (1994),97 Ohio App.3d 409, 413, to her discrimination claim.
The Equal Protection Clause demands that: "No State shall * * * deny to any person within its jurisdiction the equal protection of the laws." Section 1, Fourteenth Amendment to the United States Constitution. Thus, an equal protection claim arises only in the context of an unconstitutional classification made by a state, i.e., when similarly situated individuals are treated differently. Shockey at 413, citing Conley v. Shearer (1992), 64 Ohio St.3d 284, 288-289; State v. Chappell (Feb. 24, 1998), Franklin App. No. 97APA04-543. A law that operates identically on all people under like circumstances will not give rise to an equal protection violation. Conley at 289. Simply stated, "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." Tinger v. Texas (1940), 310 U.S. 141, 147, 60 S.Ct. 879.
Appellant first contends that the female prisoners at FPRC constitute a "suspect class." In essence, her argument is that because inmate smoking has been completely banned only at FPRC an all female facility while inmates at other institutions are still permitted to smoke, she is being discriminated against because of her sex under administrative regulations applicable to Ohio prisoners.
Although there may indeed be circumstances under which female prisoners constitute a suspect class, appellant fails to establish such a case. R.C. 5145.32 ("Prohibition on Smoking and Tobacco Usage") and ODRC Policy 001-04 ("Smoke-Free Workplace") are general provisions applying equally to all persons regardless of their gender who enter the Ohio penal system. As appellees indicated, the same provision that prohibits smoking in a building of the FPRC, also prohibits smoking inside the buildings of specified all-male facilities, such as the Montgomery Education and Pre-Release Center. R.C. 5145.32(C); ODRC Policy 001-04, Section VI, paragraph C.
Furthermore, appellant's assertions that only the female inmates at FPRC are prohibited from smoking, and subject to possible disciplinary action for the possession of tobacco-related products, are completely unfounded. Indeed, both R.C. 5145.32(B) and ODRC Policy 001-04, Section VI, paragraph B, clearly state: "No person shall smoke, use, or possess tobacco or have tobacco under the person's control on any property under the control of the * * * Ohio state penitentiary." The Ohio State Penitentiary is an all-male facility.
Alternately, the female inmates at FPRC are not, in fact, similarly situated to prisoners at any other state correctional institution. And, as appellees correctly assert, "[t]he Equal Protection Clause does not require that individuals who are differently situated be treated equally." Shockey, supra, at 413, citing Conley. Nor are there any constitutional principles requiring each and every prison within the state's penal system be managed under identical terms and conditions. Rather, each institution encounters health, safety, and security concerns unique to its specific population. Accordingly, case law has consistently recognized that prison officials should be granted deference in implementing rules addressing those unique situations. Shockey at 413, citing Bell v. Wolfish (1979), 441 U.S. 520, 547, 99 S.Ct. 1861; Harman v. Ohio Dept. of Corr. (1991), 74 Ohio App.3d 703, 706. We therefore concur with appellees general argument relating to the equal protection clause.
Neither Ohio law nor the ODRC policies in question create unconstitu-tional classifications. Both are distinctly void of classifications based on gender. Moreover, appellant fails to present any evidence to genuinely dispute Andrew's sworn affidavit indicating nondiscriminatory reasons for implementing the inmate smoking ban. Based on the record before us, appellant simply cannot establish that the female inmates at FPRC constitute a suspect class within the context of her claims. Therefore, the first assignment of error is overruled.
Appellant's second assignment of error asserts that the smoking ban is not rationally related to the legitimate state interest in the health, safety, and well-being of the inmate population. "The test used in determining whether [state action] is constitu-tional under the Equal Protection Clause depends upon whether a suspect class or a fundamental interest is involved." Shockey at 412-413, citing Conley, supra. Appellant does not maintain that smoking is a fundamental interest. Indeed, "it must be emphasized that there is `no constitutional right to smoke in a jail or prison.' " Reynolds v. Bucks (E.D.Pa. 1993),833 F. Supp. 518, 519, citing Doughty v. Bd. of County Commrs. (D.Colo. 1989), 731 F. Supp. 423, 426. And, as demonstrated above, her claim involves no suspect class. Therefore, the smoking ban will withstand constitutional challenge if it is rationally related to a legitimate state interest. City of Cleburne v. Cleburne Living Cntr. (1985),473 U.S. 432, 439-440, 105 S.Ct. 3249; Conley at 289, citing State ex rel. Heller v. Miller (1980), 61 Ohio St.2d 6, 11.
Andrews maintains that she implemented the ban on inmate smoking "to improve and maintain the health, well being, and safety of the inmates who reside there in the best interest of the total population and the staff who work there." (Andrews affidavit at 3). It is clear the state has a legitimate interest in protecting the health and safety of prisoners under its care by providing a smoke-free environment. See Helling v. McKinney (1993), 509 U.S. 25, 35, 113 S.Ct. 2475 (wherein, the Supreme Court affirmed that a prisoner's allegation of exposure to high levels of secondhand smoke may state a cause of action under theEighth Amendment). Despite appellant's anecdotal attempts to demonstrate that the policy has not attained its stated objective, it cannot be said that prohibiting smoking bears no reasonable relationship to the promotion of health, well-being and safety. Thus, the second assignment of error is overruled.
In her third assignment of error, appellant challenges the propriety of the trial court's application of Shockey, supra, in the analysis of her equal protection claim because the facts of that case did not specifically address gender discrimination. In its decision, however, the trial court correctly noted that while the factual issues addressed in Shockey were somewhat different, the law, reasoning and analysis were sound and applicable to appellant's allegations. We agree that appellant presents no evidence to support a contrary conclusion. Accordingly, appellant's third assignment of error is overruled.
In her fourth assignment of error, appellant maintains that the trial court erred in determining that Andrews acted within the scope of her authority in implementing a ban on all smoking by inmates. Appellant argues that because the language of Ohio law and ODRC policy prohibits smoking only "in a building of the * * * Franklin pre-release center," Andrews cannot further restrict inmate smoking by barring such behavior in outdoor areas. R.C. 5145.32(C); ODRC Policy 001-04, Section VI, paragraph C. Appellant fails to present any factual evidence in support of this contention. Nor can she. Indeed, while the ODRC policy remains silent on the topic, R.C. 5145.32(F) specifically provides that the "department may designate locations at which it is permissible to smoke or use tobacco outside of a building of an institution identified in division (C) of this section," i.e., FPRC. R.C. 5145.32(F). Thus, the statute provides the option of providing an outdoor smoking area at FPRC, but does not mandate such action.
Moreover, as appellees argue where the law has not directed otherwise prison officials " `should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.' " Shockey at 413, citing Bell at 547; Harman at 706. For the foregoing reasons, appellant's fourth assignment of error is overruled.
Appellant's final assignment of error asserts that the trial court incorrectly granted summary judgment against her claim that the smoking ban constitutes punitive, cruel, and unusual living conditions in violation of the Eighth Amendment to the United States Constitution.
It is well-established that the conditions of an inmate's confinement are subject to scrutiny under the Eighth Amendment. Rhodes v. Chapman (1981), 452 U.S. 337, 345-347, 101 S.Ct. 2392; Helling, supra. Indeed, while the Eighth Amendment does not compel prison officials to create comfortable prisons, it does impose a duty upon prison officials to ensure that conditions of confinement are humane. Farmer v. Brennan (1994), 511 U.S. 825, 832, 114 S.Ct. 1970. Not every perceived hardship, however, amounts to an actionable wrong.
To successfully maintain a claim based upon allegations of cruel and unusual living conditions, appellant must establish two elements one objective and the other subjective. Id. at 834. The objective component requires that she demonstrate in the context of "contemporary standards of decency" a severe deprivation. Hudson v. McMillian (1992),503 U.S. 1, 8, 112 S.Ct. 995, citing Estelle v. Gamble (1976), 429 U.S. 97,103, 97 S.Ct. 285. And, to satisfy the subjective component, she must prove that Andrews caused a deprivation in disregard to a known and excessive risk to her health and safety. Farmer at 837. Appellees submit that appellant is unable to prove either of these elements. We agree.
With respect to the objective element, "only those deprivations denying `the minimal civilized measure of life's necessities,' * * * are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter (1991), 501 U.S. 294, 298, 111 S.Ct. 2321, citing Rhodes at 347. While we do not underestimate the addictive nature of tobacco, appellant simply cannot demonstrate that smoking is a basic human need akin to food, water, or the adequate provision of clothing, shelter and medical care. Farmer at 832; Wilson at 304.
Failure to satisfy the objective component is sufficient justification for the grant of summary judgment on the Eighth Amendment claim. However, it should be noted that appellant is equally incapable of satisfying the second — subjective element. Though she presents several anecdotal accounts of inmates struggling without cigarettes to provide stress relief, appellant fails to present any competent evidence suggesting that Andrews acted with deliberate indifference in enacting the smoking ban. To the contrary, the record reveals that Andrews took measures to lessen any hardships related to quitting. For example, the inmates were given prior notice that smoking would be completely prohibited. Smoking cessation programs were offered. And, inmates with a demonstrated medical need to continue smoking could request transfer to the Ohio Reformatory for Women, where inmates are still permitted to smoke in designated areas.
Because we find that appellant failed to present any evidence to demonstrate the requisite elements of an Eighth Amendment claim, we overrule her final assignment of error.
In summary, we conclude that the trial court did not err in finding that appellees Andrews and Wilkinson were entitled to summary judgment. Appellant's five assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK, P.J., and PETREE, J., concur.