# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Ray Thompson, : 
                 Petitioner : 
                 : 
         v. : 
                 : 
Pennsylvania Department of : 
Corrections, :   No. 103 M.D. 2022 
            Respondent :   Submitted: September 30, 2022

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED:  December 28, 2022

Before this Court is the Pennsylvania Department of Corrections' (DOC) preliminary objection (Preliminary Objection) to Anthony Ray Thompson's (Thompson) pro se Petition for Review (Petition) filed in this Court's original jurisdiction.[1] After review, this Court sustains the Preliminary Objection and dismisses the Petition.

As a consequence of a class action lawsuit nonsmoker inmates filed against DOC, on June 24, 2019, a Bulletin Notice amended DC-ADM 801 Misconducts to read "Section VIII Rules, B. General Rules, 9. and Subsection D. Misconduct Charges B. Class I and C. Class II shall now read: 9. 'The Clean Indoor

---

[1] Thompson originally filed this action in the Centre County Common Pleas Court (Common Pleas). By March 8, 2022 order, Common Pleas granted DOC's Motion to Transfer the matter to this Court. By March 17, 2022 Order, this Court directed that this matter shall be treated as a Petition for Review addressed to this Court's original jurisdiction.

[Air] Act[2] prohibits smoking inside 'public buildings.'"[3]  Petition ¶ 3.  The DC-ADM 801 amendment added that tobacco and additional accessories were then considered contraband.  *See id*.

On August 29, 2020, Thompson, while incarcerated at State Correctional Institution (SCI)-Forest, filed a grievance concerning the cost of electronic cigarettes (E-Cigarettes) that was denied on September 1, 2020, because the grievance did not indicate that he was personally affected by a DOC or facility action or policy.  *See* Petition ¶ 1.  On September 4, 2020, Thompson appealed from the grievance denial.  *See id*.  Thereafter, the appeal was denied for the same reason the grievance was denied.  *See id*.

On February 4, 2021, Thompson, while incarcerated at SCI-Albion, filed a grievance claiming that E-Cigarettes are more harmful than tobacco.  *See* Petition ¶ 2.  The SCI-Albion Grievance Coordinator and Superintendent denied the grievance.  *See id*.  Thompson appealed therefrom to the Grievance Coordinator of Inmate Appeals at DOC's Central Office.  *See id*.  On May 24, 2021, Thompson's appeal was denied because "[g]roup grievances filed on 'behalf of another inmate' are prohibited."  *Id*.  The denial further stated that the grievance did not indicate that Thompson was personally affected by a DOC or facility action or policy, and the issues presented in the grievance had been reviewed or are currently being reviewed and addressed.  *See id*.

On January 24, 2022, Thompson filed the Petition alleging therein that the unconstitutional enforcement of the Clean Indoor Air Act violates the

---

[2] Act of June 13, 2008, P.L. 182, 35 P.S. §§ 637.1-637.11.
[3] DOC Policy 1.1.7, Clean Indoor Air Act, is a public policy, the full version of which is available at www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/01.01.07%20Clean%20Indoor%20Air%20Act%20Policy%20and%20Procedures.pdf (last visited Dec. 27, 2022).

Grandfather Clause of the United States (U.S.) Constitution[4] and state law. *See* Petition at 7. In the Petition, Thompson seeks: (1) a trial by jury; (2) a determination that the "Grandfather Clause" outweighs the Clean Indoor Air Act; (3) attorney fees; (4) punitive damages in the sum of $1,000,000.00; and (5) an order directing DOC to delete from its amended policy that inmates are prohibited from purchasing tobacco items and their accessories alike, and allow such items to again be purchased. Petition Ad Damnum Clause. On April 12, 2022, DOC filed its Preliminary Objection averring that Thompson failed to state a valid claim for relief (demurrer). On April 28, 2022, Thompson filed an Answer thereto.

Initially,

> [i]n ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, *it must appear with certainty that the law will not permit recovery*, and any doubt should be resolved by a refusal to sustain them.

> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review] and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. *When ruling on a demurrer*, *a court must confine its analysis to the* [*petition for review*].

---

[4] Specifically, Thompson alleges: "Article I[,] Sec[tion] 8[, clause] 3 of the U.S. Constitution automatically authorizes a person to purchase tobacco itself and its access[o]ries, which isn't classified as a privilege which [sic] another has a right to deprive anyone of [sic]." Petition at 4. Article I, Section 8, clause 3 of the U.S. Constitution provides: "The Congress shall have [p]ower . . . [t]o regulate [c]ommerce with foreign [n]ations, and among the several [s]tates, and with the Indian [t]ribes[.]" U.S. CONST. art. I, § 8, cl. 3.

3

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (emphasis added; citations omitted).

DOC argues that Thompson cannot establish a constitutional entitlement to use or purchase tobacco products in prison. Specifically, DOC contends that, even accepting Thompson's averments as true, he has failed to state a valid claim for relief.

The law is well established that "prisoners do not shed all constitutional rights at the prison gate[.]" *DuBoise v. Rumcik*, 277 A.3d 1221, 1229 (Pa. Cmwlth. 2022) (quoting *Sandin v. Conner*, 515 U.S. 472, 485 (1995)). However, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin*, 515 U.S. at 485 (quoting *Jones v. N.C. Prisoners' Lab. Union, Inc.*, 433 U.S. 119, 125 (1977)). "At the outset, it must be emphasized that there is 'no constitutional right to smoke in a jail or prison.'" *Reynolds v. Bucks*, 833 F. Supp. 518, 519 (E.D. Pa. 1993) (quoting *Doughty v. Bd. of Cnty. Comm'rs*, 731 F. Supp. 423, 426 (D. Colo. 1989)). Moreover, "[i]n general, allegations that [DOC] failed to follow its regulations or internal policies cannot support a claim based upon a vested right or duty because these administrative rules and regulations, unlike statutory provisions, usually do not create rights in prison inmates." *Shore v. Pa. Dep't of Corr.*, 168 A.3d 374, 386 (Pa. Cmwlth. 2017).

"The law is well[]settled that DOC has broad discretion to fashion policies about what property inmates may possess, and to modify those policies as security needs evolve or change." *O'Toole v. Pa. Dep't of Corr.*, 196 A.3d 260, 267 (Pa. Cmwlth. 2018) (emphasis omitted). Section III of DOC Policy 1.1.7, Clean Indoor Air Act (Policy), provides: "It is the policy of [DOC] to provide a smoke[-]free environment consistent with Senate Bill No. 246 of 2007, [] Clean Indoor Air Act." Policy at 1. However, Section VI of the Policy warns:

4

> This [P]olicy does not create rights in any person nor should it be interpreted or applied in such a manner as to abridge the rights of any individual. This [P]olicy should be interpreted to have sufficient flexibility to be consistent with law and to permit the accomplishment of the purpose(s) of the policies of [DOC].

Policy at 2. The Policy, issued September 10, 2008, by former Secretary Jeffrey A. Beard, Ph.D., superseded the following: DOC Policy 1.1.7, Smoking in DOC, issued November 6, 2000, by former Secretary Martin F. Horn (Secretary Horn); DOC Policy 15.3.6, Smoking in DOC Buildings and Facilities, issued November 9, 1998, by Secretary Horn; and DOC Policy 15.3.7, Central Office Smoking Policy, issued May 10, 1995, by Secretary Horn. *See* Policy at 3.

DOC asserts that it amended the Policy to comply with the Clean Indoor Air Act that prohibits smoking in public places. *See* DOC Br. at 11. Certainly, the Clean Indoor Air Act's enactment was a rational reason for DOC to amend the Policy. *See Quinn, Gent, Buseck & Leemhuis, Inc. v. Unemployment Comp. Bd. of Rev.*, 606 A.2d 1300, 1304 (Pa. Cmwlth. 1992) ("[T]he implementation of a smoking ban in the workplace is unquestionably reasonable, particularly when motivated by anti-smoking legislation and a concern to promote a smoke-free working environment."). Because smoking is a privilege, not a right, DOC's Policy restricting the privilege does not violate the U.S. Constitution or state law. *See Sandin*; *Reynolds*; *O'Toole*; *Shore*.

Accepting as true all well-pleaded material allegations in the Petition, as well as all inferences reasonably deduced therefrom, as this Court must, "it [] appear[s] with certainty that the law will not permit recovery[.]" *Torres*, 997 A.2d at 1245. Because Thompson "has clearly failed to state a claim for which relief can

be granted[,]" DOC's Preliminary Objection is sustained, and Thompson's Petition is dismissed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Ray Thompson,        :
          Petitioner       :
                                 :
        v.                    :
                                 :
Pennsylvania Department of    :
Corrections,                 :    No. 103 M.D. 2022
          Respondent    :

## O R D E R

AND NOW, this 28th day of December, 2022, the Pennsylvania Department of Corrections' Preliminary Objection to Anthony Ray Thompson's (Thompson) Petition for Review (Petition) is SUSTAINED, and Thompson's Petition is DISMISSED.

_____

ANNE E. COVEY, Judge