CASE WESTERN RESERVE UNIVERSITY, APPELLANT, *v.* FRIEDMAN ET AL., APPELLEES.

(No. 11-053—Decided November 21, 1986.)

Joel A. Makee* and *Sharon R. Barner,* for appellant.
*James J. Bartolozzi,* for appellees.

COOK, J. On May 25, 1984, appellant, Case Western Reserve University, filed a complaint alleging that on January 21, 1981, it sold a parcel of real estate to appellees, Marvin and Harold W. Friedman. It further alleged that due to a clerical error, appellant, after the sale, mistakenly paid

real estate taxes of $4,239.91 on the parcel of property. Appellant prayed for reimbursement of the $4,239.91. On January 15, 1985, appellees filed a motion for judgment on the pleadings. On February 1, 1985, the court granted the motion.

Appellant has appealed the judgment of the trial court and has filed the following two assignments of error:

"1.   The trial court erred in granting defendants-appellees' motion for judgment on the pleadings as they were not entitled to judgment as a matter of law.

"2.   The trial court committed prejudicial error in ruling upon a motion for judgment on the pleadings filed after the case had been ordered and referred to arbitration."

The first assignment of error is well-taken, but the second assignment of error is without merit.

Appellant first contends that the court erred in granting appellees' motion for judgment on the pleadings as a matter of law. We agree.

Civ. R. 12(C) provides:

"Motion for Judgment on the Pleadings. After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

A motion for judgment on the pleadings is the same as a motion to dismiss filed after the pleadings are closed and raises only questions of law. The pleadings must be construed liberally and in a light most favorable to the party against whom the motion is made, and every reasonable inference in favor of the party against whom the motion is made should be indulged. *Vaught* v. *Vaught* (1981), 2 Ohio App. 3d 264, 2 OBR 293, 441 N.E. 2d 811; *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161, 63 O.O. 2d 262, 297 N.E. 2d 113. The motion should be denied if it cannot be determined from the face of the pleadings that the pleading does not state a claim upon which relief can be granted. *Calhoun* v. *Supreme Court of Ohio* (1978), 61 Ohio App. 2d 1, 15 O.O. 3d 13, 399 N.E. 2d 559.

The long-standing general rule in Ohio on voluntary payments is that a volunteer who makes payment, albeit mistakenly, on a legal obligation of another may not thereafter seek reimbursement from the benefiting party for his error. *Administrators of Winthrop* v. *Huntington* (1828), 3 Ohio 327, 334. However, the courts have developed a number of exceptions to the rule since its inception. One exception is that recovery of money paid for the legal obligations of another may be had, if such payments were made under a mistake of fact. *Firestone Tire & Rubber Co.* v. *Central Natl. Bank* (1953), 159 Ohio St. 423, 433, 50 O.O. 364, 369, 112 N.E. 2d 636, 642.

In the instant cause, appellant's complaint set forth allegations which established a valid claim for relief under the "mistake of fact" exception to the general rule on voluntary payments. Appellant alleged it paid the real estate taxes due to a clerical error. Said allegation stated a mistake of fact for which Ohio law allows recovery.

*Judgment reversed*
*and cause remanded*
*for further proceedings.*

DAHLING, P.J., and FORD, J., concur.