Appellant-plaintiff, Brown Graves Company ("Brown-Graves"), appeals from the Summit County Court of Common Pleas' judgment that dismissed its suit for gross negligence against appellee-defendant, FirstMerit Mortgage Corp. ("FirstMerit"). We reverse.
Two construction projects were financed by Mortgage One, Inc. Mortgage One assigned the mortgages and notes to FirstMerit. Brown-Graves provided written notice to Mortgage One regarding its mechanic's liens on the two projects. Mortgage One forwarded these notices to FirstMerit. Brown-Graves filed a complaint against FirstMerit for gross negligence because FirstMerit failed to obtain a release of the lien as required by R.C. 1311.011(B)(5) before making disbursements.
FirstMerit moved to dismiss the gross negligence complaint on the basis that Brown-Graves did not provide service of the written notices to FirstMerit. The trial court granted FirstMerit's motion to dismiss.
Brown-Graves timely appealed and has raised two assignments of error.
ASSIGNMENT OF ERROR I
 The court erred in holding as a matter of law that R.C. 1311.011(B)(5) mandates that Brown-Graves' notice had to be addressed and served directly on FirstMerit.
Within this assignment of error, Brown-Graves asserts that the trial court erred in the following two ways: (1) "The court erred in holding that FirstMerit did not have `actual notice' of Brown-Graves' R.C. 1311.011(B)(5) notices[,]"; and (2) "The court erred in holding that R.C. 1311.011(B)(5) required Brown-Graves to ascertain that FirstMerit was the assignee of the notes and mortgages and [to] make service of notice directly upon FirstMerit."
As an appellate court, we review de novo a trial court's Civ.R. 12(B)(6) dismissal. Plazzo v. Nationwide Mut. Ins. Co.
(June 24, 1992), Summit App. No. 15370, unreported, at 3. We must presume that the factual allegations in the complaint are true, make all reasonable inferences in favor of the non-moving party, and determine whether it appears beyond doubt that the plaintiff can prove no set of facts entitling him to recovery. O'Brien v.Univ. Community Tenants Union (1975), 42 Ohio St.2d 242, syllabus;Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. Similarly, a Civ.R. 12(C) motion, which raises only questions of law, requires that the pleadings be construed liberally and in a light most favorable to the non-moving party and that a determination be made from the face of the pleadings that the plaintiff has not stated a claim upon which relief may be granted.Case Western Reserve Univ. v. Friedman (1986) 33 Ohio App.3d 347,348. R.C. 1311.011(B)(5) provides in part:
 After receipt of a written notice of a claim of right to a mechanic's lien by a lending institution, failure of the lending institution to obtain a lien release from the subcontractor, materialman, or laborer who serves notice of such claim is prima-facie evidence of gross negligence.
In this case, FirstMerit contends that because Brown-Graves failed to serve the written notice to FirstMerit, Brown-Graves does not possess a claim for gross negligence under R.C.1311.011(B)(5). R.C. 1.42 provides that statutory words and phrases should be given their plain and ordinary meanings. When interpreting the terms of R.C. 1311.011(B)(5), the Supreme Court of Ohio has concluded that words should not be inserted or omitted. See Thompson Electric, Inc. v. Bank One, Akron, N.A.
(1988), 37 Ohio St.3d 259, 263-64 (holding that "any other person" within the context of R.C. 1311.011(B)(5) may include a subcontractor). By its terms, R.C. 1311.011(B)(5) requires FirstMerit to receive written notice and Brown-Graves to serve notice, but does not require Brown-Graves to show proof of service upon FirstMerit.
In construing the allegations in Brown-Graves' complaint as true, we conclude that FirstMerit has not demonstrated (1) that Brown-Graves has failed to state a claim upon which relief can be granted, or (2) that it is entitled to judgment as a matter of law based upon FirstMerit's assertion that Brown-Graves failed to serve written notice upon FirstMerit. Accordingly, Brown-Graves' first assignment of error is sustained.
ASSIGNMENT OF ERROR II
 In dismissing Brown-Graves' complaint, the trial court failed to consider Brown-Graves' claim for relief against FirstMerit pursuant to R.C. 1311.011(B)(4).
We reverse the trial court's judgment on the basis of our disposition of Brown-Graves' first assignment of error. We need not address its second assignment of error because it is moot. See App.R. 12(A)(1)(c).
Brown-Graves' first assignment of error is sustained. The judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT
BAIRD, P. J.
CARR, J.
CONCUR