OPINION
{¶ 1} This is an appeal from decisions of the Stark County Court Common Pleas which denied appellant's motion for summary judgment on its supplemental complaint against Miami Mutual Insurance Company under R.C.3929.06 and granted such insurance company's motion for judgment on the pleadings.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Factually, appellant filed suit against Michael Covey, Glena Covey and Covey's Place, Inc. and, in her amended complaint, stated that she was an employee of Coveys Bar and that she was injured by Michael Covey who was a co-owner of the Bar along with defendant, Glena Covey.
 {¶ 3} She alleged that his actions were negligent, intentional, willful, wanton and malicious.
 {¶ 4} She further stated that Coveys Bar was negligent in several aspects with regard to these events including lack of security, absence of training and supervision and an unsafe situation as to employees and patrons.
 {¶ 5} No responsive pleading was filed as to the amended complaint although answers to the original complaint had been filed.
 {¶ 6} Miami Mutual Insurance Company denied the claim and refused to defend under certain exclusions in endorsements to its policy with Covey's Place, Inc.
 {¶ 7} No option to defend with reservation of rights was exercised.
 {¶ 8} A stipulated judgment entry was filed finding that the defendants were negligent in failing to provide a safe premises and in providing a lack of security. The entry further indicated appellant was not in the scope of her employment when injured. After a damages hearing, judgment was rendered for $800,000.00.
 {¶ 9} A supplemental complaint under R.C. 3926.06 was filed against Miami Mutual Insurance Company. A copy of the policy issued by such company was attached.
 {¶ 10} Miami Insurance Company answered the supplemental complaint, again referencing policy exclusion endorsements.
 {¶ 11} It then moved for judgment on the pleadings under Civ.R. 12(H)(2).
 {¶ 12} Appellant filed a motion for summary judgment. Such motion included exhibits as to notice to Miami Mutual Insurance Company as to the filing of the complaint against its insured and the denial of coverage in the defense of such action and attempted to assert the binding effect of the judgment obtained which recited negligence.
 {¶ 13} It is from the denial of such motion that appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR I. {¶ 14} "The trial court erred in denying the appellant's motion for summary judgment on the supplemental complaint, to appellant's prejudice."
 II. {¶ 15} "The trial court erred in granting the appellant's motion for judgment on the pleadings, to appellant's prejudice."
 I. {¶ 16} We shall address the two Assignments of Error simultaneously.
 {¶ 17} CIV. R. 56(C) states, in pertinent part:
"Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 18} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. In order to survive a motion for summary judgment, the non-moving party must produce evidence on any issue to which that party bears the burden of production at trial. Wing v. Anchor Media Ltd. of Texas (1991),59 Ohio St.3d 108, citing Celotex v. Catrett (1986), 477 U.S. 317. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36.
 {¶ 19} CIV. R. 12(H)(2) states:
 {¶ 20} "(2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(A), or by motion for judgment on the pleadings, or at the trial on the merits. A defense of failure to state a claim upon which relief can be granted, * * * may be made * * * by motion for judgment on the pleadings * * *. Rule 12(H)(2), Ohio Rules of Civil Procedure.
 {¶ 21} A motion for judgment on the pleadings based upon an argument that a plaintiff has failed to state a claim upon which relief can be granted is evaluated using the same standard used to evaluate a motion to dismiss for failure to state a claim upon which relief can be granted. Case Western Reserve Univ. v. Friedman (1986), 33 Ohio App.3d 347,348. "The pleadings must be construed liberally and in a light most favorable to the party against whom the motion is made, and every reasonable inference in favor of the party against whom the motion is made should be indulged." Id. (citations omitted). Such a motion does not impose a duty upon the party opposing it to go beyond the averments of his complaint and to present evidence supportive of those averments. Rather, it requires a court to accept a plaintiff's averments as true. The motion must be denied unless it appears beyond doubt that no possible set of facts supportive of the averments of the complaint would entitle the plaintiff to recovery. O'Brien v. Univ. Community Tenants Union
(1975), 42 Ohio St.2d 242.
 {¶ 22} R.C. 3926.06(C) provides in part:
 {¶ 23} "(C)(1) In a civil action that a judgment creditor commences in accordance with divisions (A)(2) and (B) of this section against an insurer that issued a particular policy of liability insurance, the insurer has and may assert as an affirmative defense against the judgment creditor any coverage defenses that the insurer possesses and could assert against the holder of the policy in a declaratory judgment action or proceeding under Chapter 2721 of the Revised Code between the holder and the insurer.
"(2) If, prior to the judgment creditor's commencement of the civil action against the insurer in accordance with divisions (A)(2) and (B) of this section, the holder of the policy commences a declaratory judgment action or proceeding under Chapter 2721 of the Revised Code against the insurer for a determination as to whether the policy's coverage provisions extend to the injury, death, or loss to person or property underlying the judgment creditor's judgment, and if the court involved in that action or proceedings enters a final judgment with respect to the policy's coverage or non-coverage of that injury, death, or loss, that final judgment shall be deemed to have binding legal effect upon the judgment creditor for purposes of the judgment creditor's civil action against the insurer under divisions (A)(2) and (B) of this section. This division shall apply notwithstanding any contrary common law principals of res judicata or adjunct principles of collateral estoppel."
 {¶ 24} In addressing the first Assignment of Error, we must look to the trial court's reasoning in granting judgment on the pleadings to appellee and denial of appellant's motion for summary judgment.
 {¶ 25} The trial court stated:
 {¶ 26} "Plaintiff argues that the coverage should be determined based upon the findings contained in the Judgment Entry of March 21, 2001. Plaintiff cites this Court to case law which precedes the amendments to R.C. 3929.06 made in September of 1999. The amendments added Subsection (C), which clearly preserves the insurance companies right to dispute coverage."
 {¶ 27} In examining Subsection (C) of R.C. 3929.06 effective September 24, 1999, the Legislature stated:
"The General Assembly declares that, in enacting new division (C) of section 2721.02, new division (B) of section 2721.12, and division (C) of new section 3929.06 of the Revised Code in this act and in making conforming amendments to division (A) of section 2721.12 of the Revised Code in this act, it is the intent of the General Assembly to supersede the effect of the holding of the Ohio Supreme Court in Broz v. Winland
(1994), 68 Ohio St.3d 521, and its progeny relative to the lack of binding legal effect of a judgment or decree upon certain persons who were not parties to a declaratory judgment action or proceeding between the holder of a policy of liability insurance and the insurer that issued the policy."
 {¶ 28} The facts in Broz, Exec. V. Winland (1994), 68 Ohio St.3d 521
arose out of an auto accident caused by an unlicensed minor driver. The initial issue was whether such driver had a reasonable belief that she was authorized to drive the vehicle as the policy precluded coverage for unauthorized use.
 {¶ 29} While the tort action was pending, American States Insurance filed a declaratory judgment action against its insureds to obtain a determination of coverage. The plaintiffs who were affected by the tort-feasor's actions were not joined as parties to the declaratory judgment action.
 {¶ 30} The Ohio Supreme Court stated:
"[1] The legal issue we are asked to decide is whether a determination made in a declaratory judgment action between an insurance company and its insureds binds persons injured by the insured's negligence who are not parties to the declaratory judgment action. For the reasons which follow, we hold that injured persons not parties to a separate declaratory judgment action are not bound by such decision, and thus are not precluded from litigating the issue of insurance coverage in an R.C.3929.06 supplemental proceeding."
 {¶ 31} The basis for the decision in Broz, supra and the subsequent amendment to R.C. § 3929.06 are therefore, under the expressed intention of the Legislature, unrelated to the binding effect, if any, of the prior judgment obtained by appellants upon which the supplemental complaint is based and we must look elsewhere.
 {¶ 32} Effectively, as the amendment to R.C. 3926.06 adding subsections (C)(1) and (2) was intended to circumvent the Broz decision, then we must ask as to whether the language still is of consequence as to the case sub judice. We determine that the right to assert an affirmative defense against the judgment creditor as to any coverage defenses it has against the policy holder still are present. However, this does not extend to relitigating the facts which are the predicate as to the underlying judgment as Miami Mutual had the obligation to defend or defend under a reservation of rights and chose, instead, to abandon its policy holder and its ability to possibly protect itself.
 {¶ 33} The Supreme Court in Sanderson v. Ohio Edison Company, etal. (1994), 69 Ohio St.3d 582 stated:
 {¶ 34} "Generally, insurer in supplemental proceeding has available to it any defense arising from insured's failure, in underlying action, to satisfy conditions in insurance policy which are prerequisite to indemnification. R.C. 3929.06.
"Insurance policy which states that insurer is obligated to defend in any action seeking damages payable under policy against insured, even where allegations are groundless, false, or fraudulent, imposes absolute duty upon insurer to assume defense of action where complaint states claim which is partially or arguably within policy coverage. Automobile insurer had duty to defend insureds in pedestrian's negligence action, so that insurer's refusal to defend relieved insureds of duty to seek insurer's assent to and participation in settlement, notwithstanding insurer's contention that coverage was not available under policies; policies provided that insurer would defend any action seeking damages which were payable under policies, "even if any of the allegations of the suit are groundless, false, or fraudulent," that language imposed absolute duty to defend if underlying tort compliant stated claim which was potentially or arguably within policy coverage, and pedestrian's claim that insureds' ten-year-old son had negligently operated vehicle which struck pedestrian and that insureds had negligently encouraged and taught son to operate vehicle presented claim that was potentially or arguably within coverage of policies." Insurer's failure to honor obligation to defend is material breach of insurance contract, relieving insured of duty to seek insurer's assent to and participation in proposed settlement.
"By unjustifiably refusing to defend action, insurer voluntarily forgoes right to control litigation and insured may make reasonable settlement without prejudice to insured's rights under insurance policy; insurer cannot complain concerning resolution of action in absence_of showing of fraud, even if liability is conceded by insured as part of settlement negotiations."Insurer that breaches its duty to defend insured is estopped from asserting, as defense in supplemental proceeding, that insured failed to obtain consent of insurer to settle action; neither insured nor injured party is required to perform conditions in policy made vain and useless by reason of insurer's prior breach. R.C. §§3929.06."
 {¶ 35} This reasoning follows that expressed in Howell v.Richardson (1989), 45 Ohio St.3d 365 wherein the court held:
 {¶ 36} "Determination in prior suit between injured party and tort-feasor, that tort-feasor was merely negligent in discharge of firearm, collaterally estopped tort-feasor's insurer from relitigating issue in suit by injured party to recover under policy. R.C. §3929.06."
 {¶ 37} Goodson v. McDonough Power Equipment, Inc. (1983),2 Ohio St.3d 193 had previously examined this issue and held:
 {¶ 38} "Prior judgment estops party, or person in privity with him, from subsequently relitigating identical issue raised in prior action; as general principle, collateral estopel operates only where all of parties to proceeding were bound by prior judgment, and judgment, in order to preclude either party from relitigating issue, must be preclusive upon both."
 {¶ 39} We therefore determine that the trial court erroneously granted appellees motion for judgment under Civ.R. 12(H).
 {¶ 40} Also, while appellee intimates fraud and chicanery in its response to appellant's motion for summary judgment, such mere insinuations, as opposed to evidence, do not constitute a sufficient response to the Civ.R. 56 motion under Wing v. Anchor Media, supra and its progeny.
We therefore sustain both of the Assignments of Error, reverse the trial court's decision and grant final judgment in accordance with the supplemental complaint.
Gwin, P.J. and Wise, J. concur.
Topic: Insurance — Supplemental Complaint.