[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] We note that inconsistent spellings of appellee's name appear. Appellant's complaint filed in the trial court spells her first name as "Laveda." In his appellate brief, he spells it as "Laveta." We will use the spelling as it appears in the trial court record.
 DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pike County Common Pleas Court summary judgment/judgment on the pleadings[3] entered in favor of Laveda Glass, defendant below and appellee herein.
 {¶ 2} Neal R. Glass, plaintiff below and appellant herein, raises the following assignment of error:
"THE TRIAL COURT ERRED BY FAILING TO CONSTRUE THE EVIDENCE MOST STRONGLY FOR THE NONMOVING PARTY AND GRANTING THE DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT/JUDGMENT ON THE PLEADINGS BASED ON THE RUNNING OF THE APPLICABLE STATUTES OF LIMITATIONS."
 {¶ 3} Appellant is a medical doctor and appellee is his wife. During 1995 and 1996, appellee allegedly used appellant's prescription forms to obtain controlled substances. As a result, on April 14, 1999, the State Medical Board suspended appellant's medical license for at least thirty days, with conditions for reinstatement and probationary terms.
 {¶ 4} On May 4, 2001, appellant filed a complaint against appellee that contained causes of action for: (1) conversion; (2) forgery and false statement; (3) defamation; and (4) intentional or reckless infliction of emotional harm. Appellant claimed that on at least thirteen occasions between January of 1995 and May of 1996, appellee, without appellant's knowledge, forged, altered, or changed the number of refills that appellant had written on appellee's prescriptions. Appellant further asserted that appellee took prescription forms from his office to obtain controlled substances.
 {¶ 5} On September 19, 2002, appellee filed a "motion for judgment on the pleadings/motion for summary judgment." Appellee argued that the applicable statutes of limitations, which ranged from one to four years, barred all of appellant's claims. Appellee noted that the complaint alleged facts that occurred in 1995 and 1996, but that appellant did not file his complaint until six years later. Appellant countered appellee's motion by arguing that appellee left the State of Ohio in 1998, thus tolling the statutes of limitations. Appellant attached to his memorandum an affidavit in which he averred that appellee left the state in September of 1998. On November 22, 2002, the trial court summarily granted appellee's motion. Appellant filed a timely notice of appeal.
 {¶ 6} In his sole assignment of error, appellant asserts that the trial court erred by granting appellee's motion for summary judgment/motion for judgment on the pleadings. Appellant argues that a genuine issue of material fact exists as to whether appellee left the State of Ohio, thus tolling the statutes of limitations.
 {¶ 7} We initially note that when reviewing a trial court's decision regarding a motion for summary judgment, an appellate court conducts a de novo review. See, e.g., Doe v. Shaffer (2000),90 Ohio St.3d 388, 390, 738 N.E.2d 1243; Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704,711, 622 N.E.2d 1153; Morehead v. Conley (1991), 75 Ohio App.3d 409,411-12, 599 N.E.2d 786. In determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law.
 {¶ 8} Civ.R. 56(C) provides, in relevant part, as follows:
* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
 {¶ 9} Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997),77 Ohio St.3d 421, 429-30, 674 N.E.2d 1164.
 {¶ 10} In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66, 375 N.E.2d 46. Rather, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact. Specifically, Civ.R. 56(E) provides:
* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
 {¶ 11} Consequently, once the moving party satisfies its Civ.R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing evidence of the type listed in Civ.R. 56(C), that a genuine issue of material fact remains for trial. A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. SeeDresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264; Jacksonv. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52,567 N.E.2d 1027.
 {¶ 12} In contrast, "[w]hen considering a defendant's Civ.R. 12(C) motion for judgment on the pleadings, the trial court is required to construe as true all the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party." Whaley v. Franklin Cty. Bd. of Commrs. (2001), 92 Ohio St.3d 574,581, 752 N.E.2d 267 (citing Peterson v. Teodosio (1973), 34 Ohio St.2d 161,165-166, 297 N.E.2d 113). As the court explained in Case W. Res. Univ.v. Friedman (1986), 33 Ohio App.3d 347, 515 N.E.2d 1004:
"A motion for judgment on the pleadings is the same as a motion to dismiss filed after the pleadings are closed and raises only questions of law. The pleadings must be construed liberally and in a light most favorable to the party against whom the motion is made, and every reasonable inference in favor of the party against whom the motion is made should be indulged. Vaught v. Vaught (1981), 2 Ohio App.3d 264, 2 OBR 293, 441 N.E.2d 811; Peterson v. Teodosio (1973), 34 Ohio St.2d 161,297 N.E.2d 113. The motion should be denied if it cannot be determined from the face of the pleadings that the pleading does not state a claim upon which relief can be granted."
Id., 33 Ohio App.3d at 348, 515 N.E.2d at 1005; see, also, Shockeyv. Winfield (1994), 97 Ohio App.3d 409, 411-412, 646 N.E.2d 911.
 {¶ 13} In the case at bar, because appellant attached to his memorandum contra appellee's motion matters outside the pleadings, we assume that the trial court's decision fell under the summary judgment standard. When we apply that standard, however, we conclude that the trial court improperly granted appellee's motion. We note that appellant presented evidence showing that appellee had "absconded" from the state, thus creating a genuine issue of material fact as to whether R.C.2305.15(A) tolled the applicable statutes of limitations were tolled.
 {¶ 14} R.C. 2305.15(A) provides:
When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought.
 {¶ 15} Thus, an individual's absence from the state tolls the statute of limitations. See Wetzel v. Weyant (1975), 41 Ohio St.2d 135,323 N.E.2d 711. "The plain language" of R.C. 2305.15(A) "provides that when a person `departs from the state * * *, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought.'" Johnson v. Rhodes (2000), 89 Ohio St.3d 540,542, 733 N.E.2d 1132. In Johnson, the Ohio Supreme Court employed R.C.2305.15 even though the defendant's absence was not necessarily wrongful or even permanent.
 {¶ 16} In the case at bar, appellant's causes of action are based upon acts that occurred as early as 1995 and continued into 1996. The causes of action have statutes of limitations ranging from one to four years. At first glance, appellant's causes of action appear to be time-barred. Appellant contends, however, that he raised a genuine issue of material fact as to whether appellee was absent from the state, thus tolling the statutes of limitations.
 {¶ 17} After our review of the evidentiary material, we agree with appellant that in the case sub judice a genuine issue of material fact exists as to whether appellee was absent from the state, thus tolling the statute of limitations for his conversion, forgery/false statement, and intentional infliction of emotional distress claims. The statute of limitations for conversion and forgery/false statement is four-years. See R.C. 2305.09. Likewise, a claim for intentional infliction of emotional distress must be brought within four years from the date the cause of action accrues. See R.C. 2305.09; Yeager v. Local Union 20 (1983),6 Ohio St.3d 369, 375, 453 N.E.2d 666. If appellee were not absent from the state, the statute of limitations for appellant's conversion, forgery/false statement, and intentional infliction of emotional distress claims would have expired in 1999. Appellant has raised a factual issue, however, as to whether appellee left the state in 1998. Thus, if appellee left the state in 1998, the statute of limitations would be tolled. We therefore agree with appellant that a genuine issue of material fact exists as to whether the statute of limitations bars his claims for conversion, forgery/false statement, and intentional infliction of emotional distress.
 {¶ 18} We disagree, however, with appellant that a genuine issue of material fact remains as to whether the statute of limitations has expired on his defamation claim. The statute of limitations for defamation is one year. See R.C. 2305.11(A). The statute of limitations for defamation begins to run at the time the words are written or spoken, not when the plaintiff became aware of them. See Singh v. ABAPub./American Bar Ass'n, Franklin App. No. 02AP-1125, 2003-Ohio-2314; see, also, Lyons v. Farmers Ins. Group of Companies (1990),67 Ohio App.3d 448, 450, 587 N.E.2d 362.
 {¶ 19} In the case at bar, appellant alleges that the defamation occurred in 1995 and 1996. Therefore, the statute would have expired, at the latest, in 1997, which is well-before appellee's alleged absence from the state. Accordingly, appellant's claim for defamation is time-barred.
 {¶ 20} Appellant nevertheless asserts that he did not discover the extent of harm from appellee's actions until April of 1999, when the State Medical Board of Ohio formally disciplined appellant. As we stated above, however, a defamation claim accrues on the date of the publication. Courts have explicitly declined to apply a discovery rule to defamation claims. See Singh at ¶ 22.
 {¶ 21} Accordingly, based upon the foregoing reasons, we sustain in part, and overrule in part, appellant's assignment of error. We therefore reverse in part, and affirm in part, the trial court's judgment and we remand the matter for further proceedings consistent with this opinion.
JUDGMENT REVERSED IN PART, AFFIRMED IN PART, AND REMANDED IN PART, FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed in part, affirmed in part, and remanded for further proceedings consistent with this opinion. Appellant shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Evans, P.J. Kline, J.: Concur in Judgment Opinion.
[3] Appellee filed a combined motion for judgment on the pleadings and for summary judgment. In granting appellee's motion, the trial court did not differentiate between the two motions.