OPINION
{¶ 1} Appellant, Jeanne Anne Elkin, appeals from the January 28, 2004 judgment entry in which the Lake County Court of Common Pleas dismissed her claims against appellee, JB Robinson Jewelers #1723.
 {¶ 2} Appellant filed a complaint on October 6, 2003, against appellee for failing to return appellant's ring in breach of a bailment contract and for emotional loss and suffering. According to the complaint, on January 6, 2003, appellant had deposited with appellee a 14-karat 5-diamond ladies' wedding ring to have the prongs re-tipped and returned to appellant by January 16, 2003. Appellant was notified that her ring had been lost. The complaint further alleged that "[t]he bailed property was of the reasonable value of $6,048[,]" and appellant sought compensatory damages in that amount. Appellant attached the bailment contract to the complaint and her signature appeared directly below the following statement:
 {¶ 3} "Customer stated value $1900 ____. I have provided and agree with the stated value. If said item is lost or damaged, I understand that I will receive replacement merchandise of like or similar retail value up to and not exceeding the amount stated above. * * *"
 {¶ 4} Appellee filed its answer on November 5, 2003. Thereafter, on November 7, 2003, appellee filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C). In that motion, appellee argued that since there was a signed bailment contract that indicated that appellant's ring was valued at $1,900, appellant's damages could not exceed that amount. Further, appellee reasoned that appellant could not maintain and did not plead a tort claim regarding emotional loss and suffering. On December 4, 2003, appellant filed a response to appellee's motion.
 {¶ 5} In a judgment entry dated January 28, 2004, the trial court granted appellee's motion for judgment on the pleadings against appellee pursuant to Civ.R. 12(C). It is from that entry that appellant timely filed the instant appeal and now raises a single assignment of error for our review:
 {¶ 6} "The trial court committed error when it granted [appellee's] motion pursuant to Civ.R. 12(B), dismissing [appellant's] complaint."[1]
 {¶ 7} Appellant posits that the trial court erred when it dismissed her complaint pursuant to Civ.R. 12(C) and granted appellee's motion for judgment on the pleadings.
 {¶ 8} Civ.R. 12(C) states that "[a]fter the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings." "A motion for judgment on the pleadings is the same as a motion to dismiss filed after the pleadings are closed and raises only questions of law." Case Western Reserve Univ. v. Friedman
(1986), 33 Ohio App.3d 347, 348. The pleadings must be liberally construed and in a light most favorable to the nonmoving party, and every reasonable inference in favor of the nonmoving party should be indulged.Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 165-166. Hence, dismissal is appropriate where a court construes the material allegations in the complaint in favor of the nonmoving party, with all reasonable inferences, and finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. St.Andrews Condominium Assn. v. Glen Eagles Dev. (Aug. 20, 1999), 11th Dist. No. 98-L-140, 1999 WL 689760, at 2, citing State ex rel. MidwestPride IV, Inc. v. Pontious (1996), 75 Ohio St.3d 565, 570. Thus, Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law. St. Andrews,
supra, at 2.
 {¶ 9} The essential elements of a contract of bailment are (1) the contract of bailment, (2) delivery of the bailed property to the bailee, and (3) failure of the bailee to redeliver the property at the termination of the bailment. David v. Lose (1966), 7 Ohio St.2d 97, paragraph one of the syllabus.
 {¶ 10} In U.S. Fire Ins. Co. v. Paramount Fur Services, Inc. (1959),168 Ohio St. 431, the bailee Goldman accepted a fur for storage and then transferred it to a subbailee without the owner's permission. The fur was stolen from the sub-bailee. The owner's insurance company sued the sub-bailee for $1500, the value of the fur, not $100, the limit of contractual liability imposed by Goldman. In holding that the plaintiff's recovery was limited to $100, the Supreme Court found that "* * * where the contract of bailment that the owner made provides that the value of the bailed property shall be considered as not over $100 and that liability for its loss shall be limited to that amount, the owner of the property is bound by that agreement * * *." Id. at paragraph six of the syllabus.
 {¶ 11} Here, appellant's complaint sets forth no allegations that establish a valid claim beyond the level of value recited in the bailment contract. Appellant attached the bailment contract to the complaint, which was signed by her and indicated that the value of her ring was $1900. We conclude that appellant was bound by that agreement. Accordingly, after viewing the material allegations in a light most favorable to appellant and considering all reasonable inferences, it is our view appellant could prove no set of facts in support of her claim entitling her to judgment in the amount of $6,048.
 {¶ 12} We agree that the trial court had a proper basis to dismiss that portion of appellant's case that pleaded a value in excess of $1,900 by way of a partial judgment on the pleadings pursuant to Civ.R. 12(C), but erred in dismissing appellant's entire case on that basis. However, appellant clearly is permitted to proceed on her claim for damages which cannot exceed $1,900, if appellant can prove that appellee is liable on the bailment contract. Thus, we affirm the trial court's judgment on the tort claim and the partial judgment on the pleadings exceeding $1,900. Further, we conclude that this matter be reversed, and the cause be remanded to the trial court to rule on appellant's damages, if any, on the bailment claim up to $1,900.
 {¶ 13} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this opinion with respect to appellant's claim for damages up to a level of $1,900.
Grendell, J., Rice, J., concur.
[1] In her assignment of error, appellant indicates that the trial court granted appellee's motion pursuant to Civ.R. 12(B). However, we note that the trial court granted the motion pursuant to Civ.R. 12(C). Thus, we will proceed with our analysis for this opinion using the law applicable for Civ.R. 12(C).