[Cite as *Martin v. Lamrite West, Inc.*, 2015-Ohio-3585.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 102251

---

# BARBARA MARTIN, ET AL.

### PLAINTIFFS-APPELLANTS

vs.

# LAMRITE WEST, INC.

### DEFENDANT-APPELLEE

---

### JUDGMENT:
## AFFIRMED IN PART, REVERSED IN PART
## AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-783766

**BEFORE:**    Stewart, J., Celebrezze, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**    September 3, 2015

**ATTORNEYS FOR APPELLANTS**

Patrick J. Perotti
Nicole T. Fiorelli
Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painsville, OH 44077


**ATTORNEYS FOR APPELLEE**

Brian D. Sullivan
Anthony M. Catanzarite
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, OH 44115

MELODY J. STEWART, J.:

{¶1} Plaintiffs-appellants Barbara Martin and Erin Bovee brought this action against defendant-appellee Lamrite West, Inc., d.b.a. as Pat Catan's, alleging that Pat Catan's deceptively advertises savings. Bovee alleged that she purchased supplies from Pat Catan's on the basis of advertising that she could "Save 40% or more ON THOUSANDS OF ITEMS EVERY DAY!"; Martin alleged that she purchased picture framing services that had been advertised by Pat Catan's as "50% Off Your CUSTOM FRAMING Order EVERY DAY." The appellants alleged that the advertised percentage off its everyday prices was illusory because Pat Catan's always sells those items for that discount — in other words, the advertised item is always the same percentage off, every day, such that the claimed savings are non-existent. Pat Catan's sought summary judgment on grounds that it was advertising savings based on the manufacturer's suggested retail price and that, regardless of what its print advertising represented, the shelf tags for those products showed both a "retail price" and a "you pay" price, reflecting the actual discount. The court granted Pat Catan's motion for summary judgment on the deceptive advertising claim, and further rejected the plaintiffs' claims for fraud, breach of contract, and unjust enrichment. The plaintiffs appeal from each ruling, with the primary focus of this appeal being the deceptive advertising claim (the plaintiffs sought class certification of that issue).

**{¶2}** The Ohio Consumer Sales Practices Act ("CSPA") expressly prohibits retailers from advertising "discounts" on a price other than the regular price. Ohio Adm.Code 109:4-3-12 describes a "declaration of policy" relating to price comparisons, stating:

> The rule stems from the general principle, codified in division (B) of section 1345.02 of the Revised Code, that it is deceptive for any claimed savings, discount, bargain, or sale not to be genuine, for the prices which are the basis of such comparisons not to be bona fide, genuine prices, and for out-of-store advertisements which indicate price comparisons to create false expectations in the minds of consumers.

**{¶3}** To that end, R.C. 1345.02(B)(8) makes it a deceptive act in a consumer transaction for a supplier to represent "that a specific price advantage exists, if it does not." Ohio Adm.Code 109:4-4-12(E) makes it clear that:

> (1) It is deceptive for a supplier in its out-of-store advertising to make any price comparison by the use of such terms as "regularly.........., now ...........," "......... per cent off," "reduced from ......... to ..........," "save $.......," unless:
>
> (a) The comparison is to the supplier's regular price; or
>
> (b) If the reference price is the regular price of a previous season, the season and year are clearly and conspicuously disclosed; or
>
> (c) There is language in the advertisement which clearly and conspicuously discloses that the comparison is to another price and which discloses the nature of the reference price.

**{¶4}** The appellants claim as deceptive two particular advertisements: one that claimed to save the customer 50% off a custom framing order; the other that promised savings of 40% (or more!) "on thousands of items every day!"

{¶5} Pat Catan's claims that it does not use the term "sale" or "limited time offer" in its advertising, arguing that "Pat Catan's offers these reduced prices to their customers every day of the year, such that it is like a sale every day." Appellee's brief at 4. But that argument concedes the plaintiffs' point — if the prices are always 40 percent off, the advertised discount is illusory and thus deceptive. And Pat Catan's makes no argument that its advertised savings are a comparison to the regular price; that the price is a reference to a price charged in a previous year; or that the claimed savings is in comparison to another price, the nature of which it disclosed in the advertising. Nor would such an argument be availing given that Pat Catan's has admitted that the "savings" it advertised was not a discount off its regular price and that it always sold those items at the claimed discount.

{¶6} Pat Catan's next argues that its advertised pricing shows a discount against the prices offered by other retailers, but reasonable minds could differ on whether its advertisements support that contention. Viewing the evidence most favorably to the appellants, there is nothing in the advertising that shows that the sales price references a reduction on prices offered by other retailers or that the reference price is a manufacturer's suggested retail price. Ohio Adm.Code 109:4-3-12(F) indicates that:

> (1) It is deceptive for a supplier in its out-of-store advertising to use as a reference price in making a price comparison any "list," "catalogue," "manufacturer's suggested," "competitor's," or any other price which is not its own unless:
>
> (a) Such a reference price is genuine; *and*

(b) The advertisement clearly and conspicuously indicates that the reference price is not the supplier's own price.

(Emphasis added.)

**{¶7}** The advertisements in questions simply promote 40 or 50 percent savings "everyday," but without any reference to what prices those discounts apply. Pat Catan's assumes that the consumer will understand that it is referencing some other retailer's price, and went so far as to assert that it is "plainly stated" by the advertisements that "Pat Catan's customers save 40% *every day* off what they would pay if they shopped at another craft store based upon industry retail prices." August 15, 2013 Motion for Summary Judgment at 10. There is no basis in the evidence for this assertion because the advertising does not say what Pat Catan's asserts — Pat Catan's advertising makes no reference to any other retailer or retail price. In any event, Ohio Adm.Code 109:4-3-12(F)(1) makes it clear that the reference to a price other than the supplier's own price must be "conspicuous." Pat Catan's advertising at issue in this case did not reference a competitor's prices — it merely stated that customers could save a stated percentage, but failed to indicate whether that savings was off its own regular pricing or a competitor's prices. With the advertising making no mention of any other price as a basis for comparison, it cannot be said that the purported savings were conspicuously based on some other retail price.

{¶8} Pat Catan's argues that its advertising is not deceptive because the advertisement claiming a 40 percent savings contains fine print that states: "Bring in any current competitor's ad and if, on an identical item, our price is not as low or lower than their advertised price, we will immediately match it!" It argues that this proves that the 40 percent discount is based on competitors' prices and not its own prices. The difficulty with this argument is that the fine print does not clearly and conspicuously indicate that the reference price is not Pat Catan's own price. In a sense, Pat Catan's is trying to have it both ways: it advertises a 40 percent savings, yet says that if a competitor has a price that is lower, it will match the competitor's price. The customer has no way of knowing whether the 40 percent discount is applied to Pat Catan's own pricing or a competitor's pricing. And if Pat Catan's is merely price-matching a competitor, it cannot be the case that it is offering a product for a 40 percent discount.

{¶9} Taking this argument at face value can only lead to the conclusion that the stated discount is not applied to competitor prices; for if that were true, Pat Catan's would do more than simply match the competitor's price — it would offer its promised 40 percent savings off the competitor's matched price. For Pat Catan's to claim otherwise would be to concede that the advertised 40 percent discount is illusory insofar as it is not based on any real savings. *B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 258 F.3d 578 (7th Cir.2001).

{¶10} And even if Pat Catan's was right in its argument that its price match guarantee shows that it is matching other retailers' prices, that argument applies only to the advertisement claiming 40 percent savings; the advertisement claiming a 50 percent savings on custom framing did not mention that Pat Catan's would price match its competitors. While it may be true that the final price for each framing project is different based on variables selected by the customer (size, type of frame, etc.), nothing indicates that the discount quoted is off a manufacturer's suggested retail price. Pat Catan's assumes that the customer will understand that it is referencing the manufacturer's suggested retail price, but Ohio Adm.Code 109:4-3-12(F)(1) requires more than conjecture.

{¶11} Pat Catan's further argues that its advertising must be read in context with its shelf tags, which it claims specifically tell the consumer how the discount is derived for each individual item. Those shelf tags list a "retail price" followed by a "you pay after 40% discount" price. The absence of the word "manufacturer's" makes the reference to a "retail" price ambiguous — it is unclear whether this refers to Pat Catan's retail price or another's retail price. The distinction is important because if the 40 percent discount is Pat Catan's everyday price, its use of a retail price as a point of comparison would be illusory — Pat Catan's "discounted" price is its everyday, regular price. And if the price is meant to mean a manufacturer's suggested retail price, that shelf tag does not conspicuously disclose that fact as required by Ohio Adm.Code 109:4-3-12(F)(1).

**{¶12}** What is more, there is no connection between that retail price and the out-of-store advertisements that are the subject of this action. The out-of-store advertisements do not reference a manufacturer's suggested retail price, so whether a shelf tag references such a price is immaterial to a claim of deceptive advertising. Pat Catan's asserts that its customers will understand that it is referencing a manufacturer's suggested retail price in its advertising, but that cannot be the case when the advertisements do not even mention the word "retail," much less conspicuously make clear that the savings is a discount from the manufacturer's suggested retail price.

**{¶13}** As postured, reasonable minds could draw two conclusions about the allegations of the complaint: that the advertising in question either promotes a discount off Pat Catan's everyday pricing (advertising that promotes illusory savings) or it purports to show a discount off the retail price recommended by the manufacturer (but without saying so clearly and conspicuously). Under either scenario, reasonable minds could find the practice deceptive, so the court erred by granting summary judgment. We sustain the first assignment of error.

**{¶14}** In their second assigned error, the appellants argue that the trial court erred by granting summary judgment on their unjust enrichment claim. They claimed that Pat Catan's was unjustly enriched by reaping the benefit of advertising that deceptively induced customers to purchase goods under the mistaken impression that the price they paid was discounted, when in fact those prices were Pat Catan's regular prices.

{¶15} Unjust enrichment occurs where "a person has and retains money or benefits which in justice and in equity belong to another." *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791, ¶ 20. To prevail on a claim for unjust enrichment, a plaintiff must prove by a preponderance of the evidence that: (1) the plaintiff conferred a benefit upon the defendant, (2) the defendant had knowledge of such benefit, and (3) the defendant retained that benefit under circumstances in which it would be unjust for him to retain that benefit. *Johnson* at ¶ 20, citing *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984).

{¶16} The appellants' claim for unjust enrichment is based on their allegation that Pat Catan's advertised prices induced them to purchase on the basis of discounts that were in fact the regular prices. As we held above, reasonable minds could disagree as to whether Pat Catan's advertising was deceptive when it did not purport to offer savings off a regular price nor did the advertising clearly and conspicuously refer to a manufacturer's suggested retail price as the source of the claimed savings. But a disagreement as to whether Pat Catan's committed a violation of the CSPA is not the same as saying that Pat Catan's was unjustly enriched. Regardless of the nature of the discounts, both appellants received the benefit of what they paid for in an arm's-length transaction, so they cannot recover on the basis that it would be unjust to allow Pat Catan's to retain the purchase price. *Hughes v. Oberholtzer*, 162 Ohio St. 330, 335, 123 N.E.2d 393 (1954).

**{¶17}** The third assigned error complains that the court erred by denying the appellants leave to replead their fraud claim. The court dismissed the fraud claim "without prejudice" on grounds that the appellants failed to plead the elements of a fraud action with the requisite degree of particularity. The appellants then sought leave to file an amended complaint, and in addition to making the allegations of the fraud claim more particular, they proposed to establish two subclasses of Pat Catan's customers (the original complaint claimed a single class) and they redrafted their breach of contract claim to add that customers failed to receive the 50 percent framing discount. By the time the motion to amend had been filed, the trial court had already dismissed the contract claim and the appellants represented that they were refiling the contract claim solely to preserve that issue for appellate review.

**{¶18}** The decision to grant leave to amend pleadings rests within the sound discretion of a trial court. *Csejpes v. Cleveland Catholic Diocese*, 109 Ohio App.3d 533, 539, 672 N.E.2d 724 (8th Dist.1996), citing *Wilmington Steel Prod., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 573 N.E.2d 622 (1991). We conclude that the trial court did not abuse its discretion by denying leave to amend the complaint.

**{¶19}** The motion for leave to amend the complaint sought more than just to replead the fraud claim — it redrafted the complaint to allege two subclasses instead of one and redrafted the breach of contract claim to add that customers failed to receive the 50 percent framing discount. By the time that the motion to amend had been filed, the trial court had already dismissed the contract claim. A plaintiff must move to amend under Civ.R. 15(A) in a timely manner. *Trustees of Ohio Carpenter's Pension Fund v. U.S. Bank Natl. Assn.*, 189 Ohio App.3d 260, 2010-Ohio-911, 938 N.E.2d 61, ¶ 25 (8th Dist.). ("[M]otion to amend complaint was untimely and prejudicial [because] by the time [the plaintiff] moved to amend the complaint, appropriate individuals had been deposed, dispositive motions had been submitted, and trial was set to begin within seven weeks."). Given these facts, we cannot say that the court abused its discretion by denying the motion to amend the complaint.

**{¶20}** The fourth assigned error complains that the court erred by granting Pat Catan's Civ.R. 12(B)(6) motion to dismiss appellants' claim for breach of contract. That claim was premised on the theory that Pat Catan's contracted to provide its products to the appellants "at a discount." The court dismissed this claim on grounds that there was no allegation that the appellants were charged a higher price for the products they purchased than had been agreed to in the sales transaction.

**{¶21}** Civ.R. 12(B)(6) states that a complaint is not subject to dismissal for failure to state a claim upon which relief may be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975). Therefore, "[a]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991).

**{¶22}** To state a viable breach of contract claim, the plaintiffs had to allege (1) the existence of contract, (2) performance by plaintiffs, (3) breach by the defendant, and (4) damage or loss to the plaintiff. *Jarupan v. Hanna*, 173 Ohio App.3d 284, 2007-Ohio-5081, 878 N.E.2d 66, ¶ 18 (10th Dist.). The contracts at issue between appellants and Pat Catan's involved a product, not a price for that product. Both appellants paid a price that had been mutually agreed to and received their products as agreed. They do not allege that the items were defective or worth less than what they actually paid. Therefore, they received the benefit of their bargain and no breach occurred. Accordingly, the appellants' fourth assigned error is overruled.

**{¶23}** Judgment affirmed in part, reversed in part and remanded.

It is ordered that appellee and appellants share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

FRANK D. CELEBREZZE, JR., A.J., CONCURS;
PATRICIA ANN BLACKMON, J., CONCURS IN PART AND DISSENTS IN PART (WITH SEPARATE OPINION ATTACHED)

PATRICIA ANN BLACKMON, J., CONCURRING AND DISSENTING:

**{¶24}** I concur with the majority's opinion to overrule Martin's second, third, and fourth assigned errors, but must respectfully dissent from the majority's disposition of the first assigned error regarding Martin's CSPA claim.

**{¶25}** I do not believe that Ohio Adm.Code 109:4-3-12(E) applies in the instant case because section (E) governs situations where the supplier is providing the discount off its own regular price and not a comparison with other suppliers. I believe the fact that Pat Catan's offers these discounts "every day" shows that the discounted prices are, in fact, Pat Catan's regular price; the reduced price is logically a comparative price to that charged by competitors. Moreover, the fact that Pat Catan's states that it will beat or match a competitor's price that is lower, does not discredit that it is comparing its prices to those normally charged by competitors. Undoubtedly, there will be situations where

competitors will have an isolated sale on items for which it normally charges a higher price.

{¶26} I also do not believe that evidence was presented that Pat Catan's violated section (F), which applies to pricing comparisons with competitors. The majority has concluded that pursuant to (F)(1), the reference to a price other than the supplier's own price must be "conspicuous" and that the current advertising was not conspicuous. However, section (F)(3) provides as follows:

> (3) It is prima facie evidence of compliance with paragraphs (F)(1) **and** (F)(2) of this rule if the supplier:
>
> (a) Has no knowledge that the reference price is not genuine; and
>
> (b) Has made reasonable, bona fide efforts to determine whether the reference price is genuine.

(Emphasis added.)

{¶27} Pat Catan's presented such evidence by submitting the deposition testimony of Lamrite's General Merchandise Manager, David Herbers. Herbers testified to the factors that go into determining the retail price of an item, including the manufacturer's reference price or suggested retail price and research of competitive pricing in the market place. Depo. 49. Regarding the custom framing, he stated that the reference prices are based on "manufacturer-suggested prices" from the company that provides the framing supplies to Pat Catan's. The 50 percent discount is applied to the suggested price. Depo. at 113-114.

{¶28} The plaintiffs did not dispute this evidence.  In fact, in her deposition, Martin testified that the items she had purchased at Pat Catan's products were sold for 50 percent less than what Jo Ann Fabrics was charging.  There was absolutely no evidence presented that Pat Catan's prices on items were not at least 40 percent cheaper than the store's competitors.  Likewise, no evidence was presented to contradict Pat Catan's claim that its custom framing was 50 percent cheaper than competitors.  Because Pat Catan's presented evidence in support of (F)(3), it was the plaintiff's burden to refute that evidence. Accordingly, I would have affirmed the trial court's granting of summary judgment in Pat Catan's favor in total.