[Cite as *Martin v. Lamrite West, Inc.*, 2017-Ohio-8170.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 105395

---

# BARBARA MARTIN, ET AL.

### PLAINTIFFS-APPELLANTS

vs.

# LAMRITE WEST, INC.

### DEFENDANT-APPELLEE

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-783766

**BEFORE:** Kilbane, J., E.A. Gallagher, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** October 12, 2017

**ATTORNEYS FOR APPELLANTS**

Nicole T. Fiorelli
Patrick J. Perotti
Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, Ohio 44077


**ATTORNEYS FOR APPELLEE**

Daniel M. Blouin
Kristine R. Argentine
Seyfarth Shaw L.L.P.
233 S. Wacker Drive - Suite 8000
Chicago, Illinois 60606

Anthony M. Catanzarite
Brian Sullivan
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115

MARY EILEEN KILBANE, J.:

**{¶1}** Plaintiffs-appellants, Barbara Martin and Erin Bovee (collectively "appellants"), appeal from the order of the common pleas court granting judgment on the pleadings in favor of defendant-appellee, Lamrite West, Inc. d.b.a. Pat Catan's ("Pat Catan's"), on appellants' putative class action claim under the Ohio Consumer Sales Practices Act (the "CSPA"). For the reasons set forth below, we affirm.

**{¶2}** In *Martin v. Lamrite West, Inc.*, 2015-Ohio-3585, 41 N.E.3d 850 (8th Dist.) ("*Martin I*"), this court reversed the trial court's summary judgment ruling on Martin and Bovee's CSPA deceptive advertising claim. We affirmed the trial court's dismissal of Martin and Bovee's unjust enrichment, fraud, and breach of contract claims. *Martin I* summarizes the relevant facts of this case and appellants' arguments underlying its CSPA claim as follows:

> [Martin and Bovee] brought this action against [Pat Catan's], alleging that Pat Catan's deceptively advertises savings. Bovee alleged that she purchased supplies from Pat Catan's on the basis of advertising that she could "Save 40% or more ON THOUSANDS OF ITEMS EVERY DAY!"; Martin alleged that she purchased picture framing services that had been advertised by Pat Catan's as "50% Off Your CUSTOM FRAMING Order EVERY DAY." The appellants alleged that the advertised percentage off its everyday prices was illusory because Pat Catan's always sells those items for that discount — in other words, the advertised item is always the same percentage off, every day, such that the claimed savings are non-existent.

*Id*. at _ 1.

**{¶3}** In *Martin I*, we noted that R.C. 1345.02(B)(8) makes it a deceptive act for a supplier in a consumer transaction to represent "that a specific price advantage exists, if it

does not." *Id.* at _ 3. We considered Martin and Bovee's allegations under Ohio Adm.Code 109:4-3-12, titled "Price Comparisons." This code section states, in relevant part:

(A) Declaration of policy

This rule is designed to define with reasonable specificity certain circumstances in which a supplier's acts or practices in advertising price comparisons are deceptive and therefore illegal. For purposes of this rule, price comparisons involve a comparison of the present or future price of the subject of a consumer transaction to a reference price, usually as an incentive for consumers to purchase. This rule deals only with out-of-store advertisements as defined in paragraph (B)(3) of this rule. The rule stems from the general principle, codified in division (B) of section 1345.02 of the Revised Code, that it is deceptive for any claimed savings, discount, bargain, or sale not to be genuine, for the prices which are the basis of such comparisons not to be bona fide, genuine prices, and for out-of-store advertisements which indicate price comparisons to create false expectations in the minds of consumers.

* * *

(E) Comparison with supplier's own price

(1) It is deceptive for a supplier in its out-of-store advertising to make any price comparison by the use of such terms as "regularly.........., now ..........," "......…. per cent off," "reduced from ....….. to ..........," "save $.......," unless:
(a)  The comparison is to the supplier's regular price; or
(b)  If the reference price is the regular price of a previous season, the season and year are clearly and conspicuously disclosed; or
(c) There is language in the advertisement which clearly and conspicuously discloses that the comparison is to another price and which discloses the nature of the reference price.
* * *

(F) Comparison with prices which are not the supplier's own
(1)  It is deceptive for a supplier in its out-of-store advertising to use as a reference price in making a price comparison any "list," "catalogue,"

"manufacturer's suggested," "competitor's," or any other price which is not its own unless:
(a)   Such a reference price is genuine; and
(b)    The advertisement clearly and conspicuously indicates that the reference price is not the supplier's own price.

*Id.*

{¶4}   In *Martin I*, we also found that there was nothing in Pat Catan's out-of-store advertisements that indicated that the sales price referenced a reduction on prices offered by other retailers or a reduction from the manufacturer's suggested retail price, as Pat Catan's contends.   *Martin I*.   We held that regardless of whether the advertisements promoted illusory savings (as appellants claim) or were intended as a comparison of a competitor's price or the manufacturer's suggested price (as Pat Catan's contends), reasonable minds could find the relevant advertisements to be deceptive under R.C. 1345.02(B)(8) and Ohio Adm.Code 109:4-3-12 because the advertised discounts did not specifically reference the prices to which the discounts applied.   Accordingly, we found that summary judgment on Martin and Bovee's CSPA claim was improper.   *Id*. at _ 2-13.

{¶5}   Following our remand in *Martin I,* the trial court set a case management schedule for certification of Martin and Bovee's class claim.   A few months later, Pat Catan's moved for judgment on the pleadings, arguing that appellants' CSPA claim could not survive as a class action claim because they did not adequately plead, nor could they ultimately establish, that they suffered actual damages as a result of the allegedly deceptive act and that Pat Catan's had prior notice that its conduct was deceptive and

unconscionable, both required elements to maintain a CSPA class action claim under R.C. 1345.09. The trial court granted Pat Catan's motion, finding that "[Martin and Bovee] failed to allege actual damages as a result of the allegedly deceptive act as required for class claims under the Ohio CSPA."

{¶6} It is from this order that Martin and Bovee now appeal, raising the following single assignment of error for our review.

Assignment of Error

> The trial court erred in granting [Pat Catan's] motion for judgment on the pleadings on [Martin and Bovee's] class [CSPA] claim.

{¶7} We review a ruling on a motion for judgment on the pleadings de novo. *Matthews v. United States Bank Natl. Assn.*, 8th Dist. Cuyahoga No. 105315, 2017-Ohio-7079, ¶ 8. Civ.R. 12(C) provides that a party may move for judgment on the pleadings after the pleadings are closed but within such time as to not delay trial. *Duncan v. Cuyahoga Community College*, 2012-Ohio-1949, 970 N.E.2d 1092, ¶ 16 (8th Dist.). A motion for judgment on the pleadings raises only questions of law, and the court may look to only the allegations in the pleadings in deciding the motion. *Id.* The pleadings must be construed liberally and in a light most favorable to the party against whom the motion is made, indulging every reasonable inference in favor of the party against whom the motion is made. *Id.*, citing *Case W. Res. Univ. v. Friedman*, 33 Ohio App.3d 347, 515 N.E.2d 1004 (8th Dist.1986).

> "In order to be entitled to a dismissal under Civ.R. 12(C), it must appear beyond doubt that [the nonmovant] can prove no set of facts warranting the requested relief, after construing all material factual allegations in the

complaint and all reasonable inferences therefrom in [the nonmovant's] favor."

*Matthews* at ¶ 8, quoting *State ex rel. Toledo v. Lucas Cty. Bd. of Elections*, 95 Ohio St.3d 73, 74, 2002-Ohio-1383, 765 N.E.2d 854.

**{¶8}** We note that class actions are authorized for violations of the CSPA under R.C. 1345.09(B); however, the scope of available damages is limited. *Konarzewski v. Ganley*, *Inc.*, 8th Dist. Cuyahoga No. 92623, 2009-Ohio-5827, ¶ 45. R.C. 1345.09(B) provides, in relevant part:

> Where the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under [R.C. 1345.05(B)(2)] before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate [R.C. 1345.02] * * * and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of [R.C. 1345.05], the consumer may rescind the transaction or recover, *but not in a class action*, three times the amount of the consumer's actual economic damages or two hundred dollars, whichever is greater, plus an amount not exceeding five thousand dollars in noneconomic damages or *recover damages or other appropriate relief in a class action under Civil Rule 23*, as amended.

(Emphasis added.)

**{¶9}** Pat Catan's correctly argues that, in order to maintain their class action claim, Martin and Bovee must demonstrate that (1) Pat Catan's acted in the face of prior notice that its advertising was deceptive or unconscionable, and (2) that they suffered actual damages as a result of Pat Catan's violation of the CSPA. *See Marrone v. Philip Morris USA, Inc.*, 110 Ohio St.3d 5, 2006-Ohio-2869, 850 N.E.2d 31, ¶ 9; *Felix v. Ganley Chevrolet, Inc.*, 145 Ohio St.3d 329, 2015-Ohio-3430, 49 N.E.3d 1224, ¶ 31.

Prior Notice

**{¶10}** R.C. 1345.09(B) provides that a consumer may qualify for class action status only when a supplier acted in the face of prior notice that its conduct was deceptive or unconscionable. *Marrone* at ¶ 9. Pat Catan's argues that Martin and Bovee failed to adequately plead and cannot ultimately establish that Pat Catan's had prior notice that its out-of-store advertisements constitute a deceptive or unconscionable act. The prior notice may be in the form of (1) a rule adopted by the Attorney General under R.C. 1345.05(B)(2) or (2) a court decision made available for public inspection by the Attorney General under R.C. 1345.05(A)(3). *Id.* A consumer may qualify for class action certification under Ohio's CSPA only if the defendant's alleged violation of the CSPA is substantially similar to an act or practice previously declared to be deceptive by one of these methods identified in R.C. 1345.09(B). *Id.* at ¶ 2.

**{¶11}** Pat Catan's argues that the cases Martin and Bovee cite in their complaint do not constitute prior notice under R.C. 1345.09(B). Martin and Bovee contend that Ohio Adm.Code 109:4-3-12 serves as sufficient prior notice under R.C. 1345.09(B). We agree with Martin and Bovee.

**{¶12}** Under R.C. 1345.05, the Ohio Attorney General has the authority to adopt rules "defining with reasonable specificity the acts or practices that violate" the CSPA. *See also* Ohio Adm.Code 109:4-3-12. As we discuss above, in *Martin I,* this court considered Pat Catan's advertisements under one of these rules promulgated by the Attorney General, Ohio Adm.Code 109:4-3-12. We found that "reasonable minds could find [the advertising in question] deceptive" as defined by the Attorney General in Ohio

Adm.Code 109:4-3-12. Therefore, we find that this rule constituted prior notice to Pat Catan's that its advertising, in which Pat Catan's purports to compare its prices to that of competitors and the manufacturer's suggested price without stating so specifically, was deceptive and unconscionable. This advertising makes price comparisons in a manner that was specifically declared deceptive and unconscionable by the Ohio Attorney General in Ohio Adm.Code 109:4-3-12.

Actual Damages

{¶13} The Ohio Supreme Court has interpreted R.C. 1345.09(B) to require that "[p]laintiffs bringing [CSPA] class-action suits must allege and prove that actual damages were proximately caused by the defendant's conduct." *Felix*, 145 Ohio St.3d 329, 2015-Ohio-3430, 49 N.E.3d 1224, at ¶ 31, citing *Konarzewski*, 8th Dist. Cuyahoga No. 92623, 2009-Ohio-5827, at ¶ 46 ("class action plaintiffs must prove actual damages under the CSPA"). Proof of actual damages is required before a court may properly certify a class action under R.C. 1345.09(B). *Id.*, citing *Searles v. Germain Ford of Columbus, L.L.C.*, 10th Dist. Franklin No. 08AP-728, 2009-Ohio-1323, ¶ 22.

{¶14} Actual damages under the CSPA are defined as "damages for direct, incidental, or consequential pecuniary losses resulting from a violation of [R.C. Chapter 1345] and does not include damages for noneconomic loss as defined in [R.C. 2315.18]." R.C. 1345.09(G); *see Ice v. Hobby Lobby Stores, Inc.*, N.D.Ohio No. 1:14 CV 744, 2015 U.S. Dist. LEXIS 131336, at 18 (Sept. 29, 2015).

{¶15} Here, Martin and Bovee claim they were damaged because they "did not

receive the price reductions advertised by [Pat Catan's], and therefore, did not receive the value that they expected" and they "have incurred damages in the amount of that fake discount."

{¶16} We rejected Martin and Bovee's contention that they are entitled to a partial refund or reduction of the purchase price based upon the amount of

the advertised discounts in *Martin I*. In addressing the trial court's dismissal of Martin and Bovee's unjust enrichment claim, we found

> disagreement as to whether Pat Catan's committed a violation of the CSPA is not the same as saying that Pat Catan's was unjustly enriched. Regardless of the nature of the discounts, both [Martin and Bovee] received the benefit of what they paid for in an arm's-length transaction, so they cannot recover on the basis that it would be unjust to allow Pat Catan's to retain the purchase price.

*Martin I*, 2015-Ohio-3585, 41 N.E.3d 850 (8th Dist.), _ 16.

{¶17} In addressing the dismissal of their breach of contract claim, we found that

> [Martin and Bovee] paid a price that had been mutually agreed to and received their products as agreed. They do not allege that the items were defective or worth less than what they actually paid. They received the benefit of their bargain and no breach occurred.

*Id.* at _ 22.

{¶18} Martin and Bovee argue these findings should not affect our current analysis because their CSPA claim "is not about the value of goods[,]" but rather "about the deceptive advertisements prohibited by the CSPA." This argument, however, fails to

recognize the CSPA's distinction between the remedies available to individual consumers and the more limited damages available to class action plaintiffs. The CSPA provides statutory and treble damages to individual consumers, but as discussed above, class plaintiffs must allege and prove that they have suffered actual damages. R.C. 1345.09(B). As it applies to the putative class claim, we previously held that Martin and Bovee did not suffer actual damages as a result of Pat Catan's advertising, but rather, they received the benefit of their bargain in an arm's-length retail transaction. *Martin I* at _ 16, 22.

{¶19} We note that federal courts considering similar allegations of illusory price comparisons have found that putative class plaintiffs who claim damages only in the amount of the purported discount fail to allege actual injury sufficient to support a class claim under the Ohio CSPA. *See Gerboc v. ContextLogic, Inc.*, N.D.Ohio No. 1:16 CV 928, 2016 U.S. Dist. LEXIS 153351, at 16-18 (Nov. 4, 2016), *aff'd,* 6th Cir. No. 16-4734, 2017 U.S. App. LEXIS 15378, at 11-13 (Aug. 16, 2017); *Ice*, N.D.Ohio No. 1:14 CV 744, 2015 U.S. Dist. LEXIS 131336, at 17 (Sept. 29, 2015).

{¶20} Martin and Bovee also assert that their class claim should stand because restitution is "appropriate in this case and available as a class-wide remedy under R.C. 1345.09(B)." As discussed above, we found in *Martin I* that Martin and Bovee had not shown that Pat Catan's was unjustly enriched by sales related to their advertising in question. *Martin I* at _ 16. "'[R]estitution is appropriate only where there has been a showing of unjust enrichment.'" *United States v. United Technologies Corp.*, 190 F.

Supp.3d 752, 758 (S.D.Ohio 2016), quoting *United States ex rel. Taylor v. Gabelli*, S.D.N.Y.No. 03-cv-8762, 2005 U.S. Dist. LEXIS 26821, at 16 (Nov. 3, 2005). Accordingly, Martin and Bovee's argument that they are entitled to restitution fails as a matter of law.

{¶21} As pled, Martin and Bovee's complaint does not support a claim for actual damages. Thus, under R.C. 1345.09(B), they cannot maintain their CSPA class action claim. Therefore, the trial court properly granted Pat Catan's motion for judgment on the pleadings on Martin and Bovee's CSPA class claim.

{¶22} Accordingly, the sole assignment of error is overruled.

{¶23} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR