[Cite as *Vuyancih v. Jones & Assocs. Law Group, L.L.C.*, 2018-Ohio-685.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105727

---

### JOHN VUYANCIH, ET AL.

#### PLAINTIFFS-APPELLANTS

vs.

### JONES & ASSOCIATES LAW
### GROUP, L.L.C., ET AL.

#### DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-862262

**BEFORE:** Jones, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 22, 2018

**ATTORNEYS FOR APPELLANTS**

Marc E. Dann
William C. Behrens
Brian D. Flick
Emily White
The Dann Law Firm Co., L.P.A.
P.O. Box 6031040
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEES**

**For Jones & Associates Law Group, L.L.C.**

David H. Boehm
Lavin Boehm, L.L.C.
3091 Mayfield Road, Suite 212
Cleveland, Ohio 44118

William A. Peseski
46 Public Square, Suite 230
Medina, Ohio 44256

**For Ken Jones**

Sean T. Lavin
Lavin Boehm, L.L.C.
3091 Mayfield Road, Suite 212
Cleveland, Ohio 44118

LARRY A. JONES, SR., J.:

{¶1} Plaintiffs-appellants, John Vuyancih, Rachel Vuyancih, Jacklyn Pavlinic, Charles Finley, and Catherine Finley (collectively "the proposed class"), appeal the trial court's decision denying their amended motion to certify a class action.   For the reasons that follow, we affirm.

{¶2} In 2016, the proposed class filed suit against defendants-appellees Jones and

Associates Law Group and Ken Jones (collectively "Jones Group") alleging violations of the Ohio Consumer Sales Practices Act ("CSPA"). The proposed class alleged that the Jones Group sent solicitation letters to homeowners who were named defendants in foreclosure actions in Ohio courts and made false and deceptive statements related to their foreclosures.

{¶3} The proposed class subsequently filed a motion for default judgment, a motion to certify a class action, and then an amended motion to certify a class action. The Jones Group answered the complaint and filed an initial brief in opposition to the amended motion. In April 2017, the trial court denied the amended motion to certify a class action, finding that the proposed class failed to certify the prior notice requirement necessary to maintain a class action under R.C. 1345.09(B).

{¶4} The proposed class filed a timely notice of appeal and has raised one assignment for our review: "The trial court erred by denying the appellants' amended motion to certify class action."

{¶5} Class actions are authorized for violations of the CSPA under R.C. 1345.09(B). *Martin v. Lamrite W., Inc.*, 8th Dist. Cuyahoga No. 105395, 2017-Ohio-8170, ¶ 8. R.C. 1345.09(B) provides that a consumer may qualify for class-action status only when a supplier acted in the face of prior notice that its conduct was deceptive or unconscionable. *Marrone v. Philip Morris USA, Inc.*, 110 Ohio St.3d 5, 2006-Ohio-2869, 850 N.E.2d 31, ¶ 9. The prior notice may be in the form of (1) a rule adopted by the Attorney General under R.C. 1345.05(B)(2) or (2) a court decision made available for public inspection by the Attorney General under R.C. 1345.05(A)(3). *Id.* A consumer intending to rely upon R.C. 1345.09(B) must specifically inform the trial court of the decision or rule relied upon. *Burdge v. Subvest 4, L.L.C.*, 1st Dist. Hamilton No. C-060354, 2007-Ohio-1488, ¶ 5.

{¶6} The trial court in this case found that the proposed class did not give the Jones Group sufficient notice for purposes of R.C. 1345.09(B) that the firm's alleged conduct was deceptive. The proposed class cited three cases to support their position that the Jones Group received proper notice via a court decision: (1) *State ex rel., Celebreeze v. Mosley d.b.a. Nationwide Promotions*, Franklin C.P. No. 87-CV-04-2228 (May 8, 1987); (2) *State ex rel., Cordray v. Twenty First Century Legal Servs.,* Franklin C.P. No. 09 CVH 06-9535 (July 22, 2010); and (3) *Stiltner v. Carlisle, McNellie, Rini*, Mansfield M.C. No. 07-CVH-3952 (July 25, 2008). *Mosley* was decided by consent judgment, *Twenty First Century* was decided by default judgment, and *Stiltner*, which involved violations of a federal consumer protection act, was decided by summary judgment.

{¶7} The proposed class argued that consent judgments could provide evidence of prior notice for the purposes of R.C. 1345.09(B), and urges this court to find that consent and default judgments may provide prior notice to a party that its conduct violated the CSPA. The Jones Group argued, and the trial court agreed, that consent judgments cannot form the basis of prior notice under R.C. 1345.09(B).

{¶8} The leading case in this area is *Philip Morris*, 110 Ohio St.3d 5, 2006-Ohio-2869, 850 N.E.2d 31. In *Philip Morris*, the plaintiffs filed a class-action complaint against Philip Morris alleging violations of the CSPA. Plaintiffs moved for class certification pursuant to Civ.R. 23 and the trial court certified the class. Philip Morris appealed the class certification. In upholding the class certification, the court of appeals relied on cases cited by the plaintiffs and determined there had been a prior finding that the conduct of Philip Morris was a deceptive act. *Id.* at ¶ 6. Philip Morris appealed to the Ohio Supreme Court arguing that the practices described in the prior notice must be industry specific or conduct specific so that a supplier has fair warning

that its conduct runs afoul of the CSPA. The plaintiffs contended that R.C. 1345.09(B) does not require specificity and that prior notice only be sufficient to put the offending party on notice.

{¶9} The Ohio Supreme Court ultimately agreed with Philip Morris, holding that in order to satisfy R.C. 1345.09(B), a plaintiff must show that the defendant's alleged conduct is "substantially similar to an act or practice that was previously declared to be deceptive," and the plaintiffs in *Philip Morris* were unable to do so. *Id.* at ¶ 31.

{¶10} The Jones Group distinguishes *Philip Morris*, noting that *Philip Morris* did not involve plaintiffs who relied on cases involving consent judgments to satisfy the prior notice requirement. Instead, the plaintiffs in *Philip Morris* relied on cases involving court determinations based on the merits of the case. The Ohio Supreme Court, however, sided with Philip Morris for a different reason, which was that the relied upon cases did not involve conduct that was "substantially similar" to Philip Morris' alleged conduct. In the case at bar, the Jones Group contends, the proposed class is citing cases involving parties using consent judgments to put a party on notice that its conduct violated the CSPA; the proposed class does not argue that the firm's conduct was substantially similar to that of the defendants in the cited cases.

{¶11} The proposed class contends that *Philip Morris* supports its position and stands for "a large proposition of law that R.C. 1345.09(B) requires an aggrieved party be able to show past notices that 'provide meaningful notice of specific acts or practices that violate the CSPA in similar industries and similar conduct to that of the party relief is being sought.'" Appellants' p. 4–5 brief, citing *Philip Morris* at ¶ 21. According to the proposed class, a consent judgment satisfies the prior notice requirement when an independent adjudication of the merits of the plaintiffs' claims has been made and the consent entry contains substantially similar activity.

{¶12} In further support of their argument, the proposed class cites *Charvat v. Telelytics,*

*L.L.C.*, 10th Dist. Franklin No. 05AP-1279, 2006-Ohio-4623. In *Charvat*, the plaintiff received an unsolicited, pre-recorded telephone call from a for-profit broadcast service on behalf of a nonprofit credit corporation. The plaintiff filed suit alleging multiple violations of the CSPA. The trial court granted summary judgment on the plaintiff's CSPA claims, reasoning that as consent judgments are not a judgment determined by a court or rendered on the merits of a case; rather they are an agreement between the parties that the court sanctions. *Id.* at ¶ 42. The Tenth Appellate District disagreed, holding that "within a consent judgment, 'an act or practice determined by a court'" to violate the CSPA is actionable under R.C. 1345.09(B). *Id.* at ¶ 43. The *Charvat* court conceded that "a consent judgment typically is not a judgment on the merits, but a contract between the parties that the court reduces to a judgment [and] * * * generally cannot be considered precedent in a later case." *Id.* The court reasoned, however, that "a consent judgment's precedential value is not determinative under R.C. 1345.09(B), because the statute specifically refers to a court's determination, not a judgment."

{¶13} Ohio federal courts, however, have routinely held that consent judgments are not determinations by a court for purposes of the CSPA and therefore do not constitute sufficient notice that a particular practice is unfair or deceptive for purposes of the CSPA. In *Pattie v. Coach, Inc.*, 29 F.Supp.3d 1051, 1056 (N.D.Ohio 2014), the court expressly disagreed with *Charvat*, finding that when interpreting the statutes governing the CSPA together, it is clear that consent decrees and default judgments cannot serve as the basis of prior notice. The *Pattie* court noted that under R.C. 1345.05(A)(3) the Attorney General shall make available for public inspection, "'all judgments, including supporting opinions, by courts of this state that determine the rights of the parties * * * determining that specific acts or practices violate'" the CSPA. *Pattie* at 1057 quoting R.C. 1345.05(A)(3). Considering that directive in conjunction with R.C.

1345.09(B), "'it is clear that the reference to a court's 'determination' in [R.C.] 1345.09(B) is a reference to a court's final determination, i.e. a judgment with supporting reasoning.'" *Pattie* at *id.*, quoting *Gascho v. Global Fitness Holdings, L.L.C.*, 918 F.Supp.2d 708, 715 (S.D.Ohio 2013).

{¶14} Consent judgments do not support notice because they are not the court's reasoning but instead represent the reasoning of the parties themselves. *Ice v. Hobby Lobby Stores, Inc.*, N.D.Ohio No. 1:14CV744, 2015 U.S. Dist. LEXIS 131336, 9 (Sept. 29, 2015); *see also Gascho*; *Robins v. Global Fitness Holdings, L.L.C.*, 838 F.Supp.2d 631, 649 (N.D.Ohio 2012) (rejecting a party's reliance on consent judgments meeting the requirement for prior notice); *Kline v. Mtge. Elec. Sec. Sys.*, S.D.Ohio No. 3:08CV408, 2010 U.S. Dist. LEXIS 143391 (Dec. 30, 2010).

{¶15} As mentioned, the cases cited by the proposed class that purport to show notice were decided by consent judgment, default judgment, and a decision on a motion for summary judgment alleging violations of federal law. We agree with the sound reasoning of the federal court in *Pattie* and *Ice* that consent or default judgments do not suffice as notice under R.C. 1345.09(B) — these judgments have no analysis of any kind that put a defendant on notice that its specific conduct was deceptive or unconscionable under the CSPA.

{¶16} We further find that the decision in *Stiltner*, Mansfield M.C. No. 07-CVH-3952, does not provide notice under R.C. 1345.09(B) because that case, while decided via judgment, alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA"), not the CSPA.

{¶17} We recognize that

"various violations of the FDCPA constitute a violation of the CSPA. * * * [T]he purpose of both acts is to prohibit both unfair and deceptive acts and this court holds that any violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. 1345.02 and/or 1345.03."

*Taylor v. First Resolution Invest. Corp.*, 148 Ohio St.3d 627, 2016-Ohio-3444, 72 N.E.3d 573, ¶

90, quoting *Kelly v. Montgomery Lynch & Assocs., Inc.*, N.D.Ohio No. 1:07-CV-919, 2008 U.S. Dist. LEXIS 30917, 11 (Apr. 15, 2008). That being said, in *Slorp v. Lerner, Sampson & Rothfuss*, 587 Fed.Appx. 249, 260-261 (6th Cir.2014), the court stated that concluding that a violation of the FDCPA necessarily means a violation of the CSPA

> overlooks substantial disparities in the language of the two statutes * * *. Although conduct that violates the FDCPA often will violate the CSPA as well, neither the courts nor the parties should simply assume that the two statutes are coterminous without examining whether the alleged conduct is expressly prohibited under each statute.

{¶18} We need not determine whether a violation of the FDCPA is sufficient to put an entity on notice of the prohibition against a specific act or practice under the CSPA, although we are doubtful that it suffices. In this case, there is simply not enough information provided in the record to determine that the same violation occurred. In *Stiltner*, the plaintiff received a letter from a non-lawyer advising the plaintiff that foreclosure was imminent and listed a bank that was not a party to the foreclosure. The plaintiff filed a complaint alleging a violation of the FDCPA. In its opinion granting summary judgment, the court did not cite the specific section of the FDCPA upon which it relied to conclude that a violation of the FDCPA had occurred. Moreover, the proposed class does not cite to, let alone rely on, *Stiltner* in its appellate brief. Absent more, this court declines to find that a violation similar to that in *Stiltner* is also expressly prohibited by the CSPA and thus provided sufficient notice to the Jones Group under R.C. 1345.09(B).

{¶19} Finally, we note that the proposed class does not set forth any evidence that the conduct in the three cases they cite for notice are "substantially similar" to the conduct complained of in this case. Again, for a consumer to maintain a class action against the defendant under R.C. 1345.09(B), there must be a "substantial similarity" between a defendant's

alleged violation of the CSPA and an act or practice previously declared deceptive by either a rule promulgated by the Attorney General or a court decision that was publicly available when the alleged violation occurred. *Philip Morris*, 110 Ohio St.3d 5, 2006-Ohio-2869, 850 N.E.2d 31, at ¶ 10. "It is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error." *CNT Constr., Inc. v. Bailey*, 8th Dist. Cuyahoga No. 97532, 2012-Ohio-2312, ¶ 12, citing *State v. McGuire*, 12th Dist. Preble No. CA95-01-001, 1996 Ohio App. LEXIS 1492 (Apr. 15, 1996). We decline to make the proposed class's argument for them.

{¶20} The sole assignment of error is overruled.

{¶21} Judgment affirmed.

It is ordered that appellees recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR